*Murphy, McFarland & Turoff, Martin McFarland*, for appellee.

### 42759. PERKINS v. ANDREWS et al.

JORDAN, Presiding Judge. This litigation arose out of a multiple automobile collision involving four passenger automobiles proceeding north one behind the other on the south expressway in Atlanta. For convenience, they are referred to, from front to rear, as the first, second, third, and fourth vehicles. The plaintiff, as owner and driver of the second vehicle, sued the drivers of the third and fourth vehicles for property damage to his vehicle and for personal injuries. As to the sequence of events he testified that the line of traffic stopped and that he stopped his vehicle immediately to the rear of the first vehicle, that about half a minute later his vehicle was struck from the rear, and that two or three seconds after the first impact there was a second impact from the rear, but he was unable to provide any other details. There is evidence that immediately

after the occurrence there was visual damage on the front and rear of the second and third vehicles, and on the front of the fourth vehicle. The driver of the third vehicle did not testify, and the driver of the fourth vehicle was "not absolutely certain" as to whether the third vehicle had stopped when his vehicle struck it, and also "not absolutely sure" whether the third vehicle had struck the second vehicle before his vehicle struck the third vehicle. The testimony of an investigating officer who visited the scene shortly after the occurrence fails to establish the sequence of events. The driver of the second vehicle appeals from the grant of a nonsuit eliminating the driver of the third vehicle as a defendant. *Held:*

1. The driver of the third vehicle, as an appellee in this court, on the grant of a nonsuit, has properly abandoned his motion to dismiss the appeal on the ground that the case is still pending in the court below as to the other alleged tortfeasor. See, in this connection, *Edwards v. Gulf Oil Corp.*, 69 Ga. App. 140 (24 SE2d 843), and cases cited.

2. A nonsuit is proper only if the plaintiff fails to make out a prima facie case or if, admitting all the facts proved and all reasonable deductions therefrom, the plaintiff ought not to recover. *Code* § 110-310. Viewing the evidence in the light most favorable to the plaintiff, as is required on the issue of nonsuit (see *Fortner v. McCorkle,* 78 Ga. App. 76, 81 (50 SE2d 250)) there is a permissible inference that at least to some extent the plaintiff's losses may have resulted from an impact of the third vehicle with his vehicle produced by the negligent operation of the third vehicle. Without invading the province of the jury by weighing the evidence, there is no evidence which would conclusively rebut this theory and exonerate the driver of the third vehicle from liability. Under the evidence the issue of fault was properly a matter for jury determination, and it cannot be said, as a matter of law, that the plaintiff did not prove a prima facie case or that he ought not to recover, in respect to the driver of the third vehicle. Accordingly, the trial judge erred in granting a nonsuit. See *McDougal v. Johnson,* 104 Ga. App. 233 (2) (121 SE2d 417); *Hood v. Evans,* 106 Ga. App. 360 (126 SE2d 898).

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED MAY 4, 1967—DECIDED MAY 19, 1967—
REHEARING DENIED JUNE 6, 1967-

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Robert W. Beynart, H. A. Stephens, Jr.,* for appellant.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Albert E. Phillips, Hurt, Hill & Richardson, Robert Richardson,* for appellees.