IN THE SUPREME COURT OF NORTH CAROLINA

No. 124A18

Filed 10 May 2019

STATE OF NORTH CAROLINA

v.

JOSEPH CHARLES BURSELL

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 813 S.E.2d 463 (2018), vacating an order for satellite-based monitoring entered on 10 August 2016 by Judge Ebern T. Watson III in Superior Court, New Hanover County. Heard in the Supreme Court on 28 August 2018.

*Joshua H. Stein, Attorney General, by Teresa M. Postell, Assistant Attorney General, for the State-appellant.*

*Meghan Adelle Jones for defendant-appellee.*

NEWBY, Justice.

On its merits, this case asks whether the trial court erred when it failed to determine if the lifetime satellite-based monitoring (SBM) imposed upon defendant constitutes a reasonable search under the Fourth Amendment. Contrary to the Court of Appeals' conclusion, however, defendant failed to specifically object to the imposition of SBM on constitutional grounds, thereby waiving his ability to raise that issue on appeal. Nonetheless, where the State concedes that the trial court committed error relating to a substantial right, the Court of Appeals did not abuse

its discretion when it invoked Appellate Rule 2 to review the unpreserved constitutional issue. Accordingly, we reverse in part and affirm in part the decision of the Court of Appeals.

On 10 August 2016, defendant Joseph Charles Bursell pled guilty to statutory rape and taking indecent liberties with a minor. At the sentencing hearing, the State requested that the court find that defendant committed an aggravated, sexually violent offense and order lifetime registration as a sex offender and lifetime SBM. Defendant's counsel objected to the State's request concerning the imposition of lifetime sex offender registration and lifetime SBM:

> [Defense Counsel]: . . . I would object on two grounds. I know the status of the law is pretty clear as to the [sex offenders] register, but for purposes of preserving any record if that were to change, I would submit that it is insufficient under Fourth Amendment grounds and due process grounds to place him on the registry in its entirety. Alternatively, that the lifetime requirement be a little excessive in this case and would ask you to alternatively consider putting him on the 30-year list.
>
> As to satellite-based monitoring, I think the Court needs to hear some additional evidence other than the [recitation] of the facts from the attorney or from the district attorney as to satellite-based monitoring. And since that evidentiary issue has not been resolved, there [aren't] any statements from the victim or otherwise from law enforcement that you ought not to order satellite-based monitoring in this case, and that the registry alternative would satisfy those concerns. And we leave it at that, your Honor.

The trial court responded:

> All noted exceptions made on the record by [defense

counsel] on behalf of the defendant as to his constitutional standing, as to the standing of the current law, and as to the future references in implication that you have made in your arguments. All those are noted for the record. All of those at this point in time are taken under consideration by the Court.

The trial court sentenced defendant to 192 to 291 months of imprisonment. Finding that he had committed an aggravated, sexually violent offense, the court further ordered defendant to register as a sex offender for life and enroll in SBM for life upon his release from prison unless monitoring is terminated under N.C.G.S. § 14-208.43. Defendant appealed from the trial court's order regarding the registry and SBM.

Before the Court of Appeals, defendant argued that the trial court improperly imposed lifetime SBM because it failed to determine whether the monitoring effectuated a reasonable search under the Fourth Amendment. *See Grady v. North Carolina*, ___ U.S. ___, 135 S. Ct. 1368, 191 L. Ed. 2d 459 (2015) (per curiam) (holding that the State's SBM program "effects a Fourth Amendment search" that implicates the privacy expectations of the defendant and therefore must be reasonable to withstand constitutional scrutiny). The State asserted that defendant failed to preserve this Fourth Amendment challenge below, thereby waiving his ability to challenge the issue on appeal. The State noted, however, that if defendant properly preserved this argument, it would concede that the SBM order should be vacated and remanded for a determination of reasonableness consistent with *Grady*.

In a divided decision, the Court of Appeals concluded that defendant had properly preserved the issue of whether his SBM was reasonable under the Fourth

Amendment. *State v. Bursell*, ___ N.C. App. ___, ___, 813 S.E.2d 463, 468 (2018). Alternatively, the Court of Appeals majority determined that "[a]ssuming, *arguendo*, this objection was inadequate to preserve a constitutional *Grady* challenge for appellate review, in our discretion we would invoke Rule 2 to relax Rule 10's issue-preservation requirement and review its merits." *Id.* at ___, 813 S.E.2d at 466-67. As a result, the Court of Appeals vacated the SBM order "without prejudice to the State's ability to file a subsequent SBM application." *Id.* at ___, 813 S.E.2d at 468. The dissent argued that defendant failed to properly preserve the constitutional issue for appeal and further asserted that the court should have declined to invoke Rule 2 to review it. *Id.* at ___, 813 S.E.2d at 468 (Berger, J., dissenting). The State appealed to this Court as of right based upon the dissenting opinion.

At the outset, we reiterate that "failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice." *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008). Accordingly, "the Rules of Appellate Procedure are 'mandatory and not directory.'" *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (first quoting *Reep v. Beck*, 360 N.C. 34, 38, 619 S.E.2d 497, 500 (2005); and then quoting *Pruitt v. Wood*, 199 N.C. 788, 789, 156 S.E.2d 126, 127 (1930)). Our appellate rules state that "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the

specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). Furthermore, the objecting party must "obtain [from the trial court] a ruling upon the party's request, objection, or motion." *Id.*

The specificity requirement in Rule 10(a)(1) prevents unnecessary retrials by calling possible error to the attention of the trial court so that the presiding judge may take corrective action if it is required. *Dogwood Dev.*, 362 N.C. at 195, 657 S.E.2d at 363 (citations omitted). Moreover, a specific objection "discourages gamesmanship," *State v. Meadows*, 371 N.C. 742, 746, 821 S.E.2d 402, 405-06 (2018), and prevents parties from "allow[ing] evidence to be introduced or other things to happen during a trial as a matter of trial strategy and then assign[ing] error to them if the strategy does not work," *id.* at 746, 821 S.E.2d at 406 (quoting *State v. Canady*, 330 N.C. 398, 402, 410 S.E.2d 875, 878 (1991)). Practically speaking, Rule 10(a)(1) contextualizes the objection for review on appeal, thereby enabling the appellate court to identify and thoroughly consider the specific legal question raised by the objecting party. N.C. R. App. P. 10 drafting committee note, cmt., para. 2, *reprinted in* 287 N.C. 698, 700-01 (1975) (After an objection at trial, "the fact that error will be asserted on appeal in respect of particular judicial action must be noted in the record on appeal, first for the benefit of the adverse party, then for the reviewing court.").

"It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal." *State v. Bell*, 359 N.C. 1, 28, 603 S.E.2d 93, 112 (2004) (quoting

*State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39 (2002), *cert. denied*, 537 U.S. 1117, 123 S. Ct. 882, 154 L. Ed. 2d 795 (2003)), *cert. denied*, 544 U.S. 1052, 125 S. Ct. 2299, 161 L. Ed. 2d 1094 (2005). As a result, even constitutional challenges are subject to the same strictures of Rule 10(a)(1). *See State v. Valentine*, 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003) ("The failure to raise a constitutional issue before the trial court bars appellate review."); *State v. Smith*, 352 N.C. 531, 557, 532 S.E.2d 773, 790 (2000) (opining that the defendant waived his right to appellate review of an alleged due process violation "because he failed to raise it as constitutional error before the court"), *cert. denied*, 532 U.S. 949, 121 S. Ct. 1419, 149 L. Ed. 2d 360 (2001).

The transcript from the sentencing hearing reveals that defendant did not clearly raise the constitutional issue of whether the lifetime SBM imposed on him constituted a reasonable search under the Fourth Amendment. Though defense counsel specifically objected to imposition of lifetime SBM, this objection questioned the sufficiency of the evidence supporting the SBM order. Thus, given the absence of any reference to the Fourth Amendment, *Grady* or other relevant SBM case law, privacy, or reasonableness, it is "not apparent from the context," N.C. R. App. P. 10(a)(1), that defense counsel intended to raise a constitutional issue. As a result, defendant failed to object to the SBM order on Fourth Amendment constitutional grounds with the requisite specificity, thereby waiving the ability to raise that issue on appeal. *See State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988) ("Defendant may not swap horses after trial in order to obtain a thoroughbred upon

appeal."); *see also State v. McPhail*, 329 N.C. 636, 640-41, 406 S.E.2d 591, 594-95 (1991) (requiring a defendant to raise the same constitutional theory on appeal as argued in his objection at trial).

Accordingly, we reject the Court of Appeals' determination that defendant properly preserved for appeal the constitutional issue of whether the search imposed by the SBM order was reasonable. Nonetheless, we must now consider whether the Court of Appeals, in its discretion, appropriately invoked Appellate Rule 2 to review defendant's unpreserved argument.

On its own motion or the motion of a party, an appellate court of North Carolina may employ Rule 2 and suspend any part of the appellate rules "[t]o prevent manifest injustice to a party, or to expedite decision in the public interest" except when prohibited by other Rules of Appellate Procedure. N.C. R. App. P. 2. "Rule 2 must be applied cautiously," and it may only be invoked "in exceptional circumstances." *Hart*, 361 N.C. at 315, 644 S.E.2d at 205. A court should consider whether invoking Rule 2 is appropriate "in light of the specific circumstances of individual cases and parties, such as whether 'substantial rights of an appellant are affected.' " *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (emphasis omitted) (quoting *Hart*, 361 N.C. at 316, 644 S.E.2d at 205).

As a result, a decision to invoke Rule 2 and suspend the appellate rules "is always a discretionary determination." *Id.* at 603, 799 S.E.2d at 603 (citations omitted). Because a court only employs Rule 2 in limited instances depending on the

specific facts and circumstances of the case, "precedent cannot create an automatic right to review via Rule 2." *Id.* at 603, 799 S.E.2d at 603. Thus, we review each application of Rule 2 for abuse of discretion regardless of whether the Court of Appeals invokes it or declines to invoke it. *See Steingress v. Steingress*, 350 N.C. 64, 67, 511 S.E.2d 298, 300 (1999).

In the present case the Court of Appeals majority did not abuse its discretion by invoking Rule 2. The Court of Appeals suspended the appellate rules after examining "the specific circumstances of [the] individual case[ ] and parties." *Campbell*, 369 N.C. at 603, 799 S.E.2d at 602 (citations and emphasis omitted). The Court of Appeals first noted that a constitutional right, such as the Fourth Amendment right implicated here, is a substantial right. The Court of Appeals deemed the invocation of Rule 2 appropriate "when considering defendant's young age, the particular factual bases underlying his pleas, and the nature of those offenses, combined with the State's and the trial court's failures to follow well-established precedent in applying for and imposing SBM, and the State's concession of reversible *Grady* error." *Bursell*, ___ N.C. App. at ___, 813 S.E.2d at 467 (majority opinion). While Rule 2 should be invoked "cautiously," *Dogwood Dev.*, 362 N.C. at 196, 657 S.E.2d at 364, when, as here, the State concedes that the trial court committed error relating to a substantial right, the Court of Appeals did not abuse its discretion by invoking Rule 2.

Accordingly, we reverse the Court of Appeals' conclusion that defendant

preserved the constitutional issue when he failed to specifically object to the imposition of SBM on constitutional grounds but nonetheless affirm its decision in the alternative to review the issue under Rule 2 and to vacate the trial court's SBM order without prejudice to the State's ability to file another application for SBM.

REVERSED IN PART; AFFIRMED IN PART; REMANDED.

Justices EARLS and DAVIS did not participate in the consideration or decision of this case.