IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-104

Filed: 3 September 2019

Mecklenburg County, No. 17-CVS-6914

K2HN CONSTRUCTION NC, LLC, Plaintiff,

v.

FIVE D CONTRACTORS, INC. a North Carolina Corporation and BRIAN DALTON an individual, Defendants.

Appeal by Plaintiff from summary judgment entered 18 April 2018 by Judge Jesse B. Caldwell III in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 August 2019.

> *Wesley S. White for Plaintiff-Appellant.*
>
> *Johnston, Allison & Hord, P.A., by Greg C. Ahlum and Kimberly J. Kirk, for Defendants-Appellees.*

INMAN, Judge.

Plaintiff K2HN Construction NC, LLC, ("Plaintiff") appeals from an order granting summary judgment in favor of Defendants Five D Contractors, Inc. and Brian Dalton ("Defendants"). Defendants seek dismissal of this appeal for violation of various nonjurisdictional appellate rules. After careful review, we dismiss the appeal because Plaintiff, in addition to committing numerous nonjurisdictional defaults alleged in Defendants' motion and independently identified by this Court on review, abandoned its appeal by failing to cite any legal authority in support of its

arguments as mandated by Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure.

## I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff and Defendants are general contractors. In 2014, the parties orally agreed to enter into a joint venture to build four commercial properties in Georgia where, at the time of the agreement, only Plaintiff was licensed. The agreement contemplated an even split of all profits realized on the projects.

Defendants commenced construction on the projects and Plaintiff provided its Georgia contractor's license and agents' signatures on various contracts, permits, and registration forms connected to the projects. At no point did Plaintiff provide labor or materials. Its contributions to the projects consisted only of providing a license number and signatures and unspecified administrative work that Plaintiff was unable to describe at deposition.

The four projects were eventually completed, but Plaintiff never received any compensation as contemplated by the joint venture agreement. Plaintiff filed suit against Defendants on 12 April 2017, alleging claims for breach of contract, *quantum meruit*, conversion, fraudulent misrepresentation, unfair and deceptive trade practices, piercing the corporate veil, and punitive damages. Defendants filed their combined motion to dismiss, answer, and affirmative defenses on 5 September 2017, denying each of Plaintiff's claims and asserting ten affirmative defenses. Following

discovery, Defendants filed a motion for summary judgment. That motion was granted by the trial court by order entered 18 April 2018 after a hearing on 29 March 2018. Plaintiff filed its notice of appeal on 17 May 2018.

Following service of its notice of appeal on 17 May 2018, Plaintiff procured a transcript of the proceedings and prepared a proposed record on appeal. The reporter certified delivery of the transcript on 30 September 2018, giving Plaintiff until 5 November 2018 to serve a proposed record on Defendants pursuant to Rule 11 of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 11(b) (2018). Plaintiff served a proposed record on Defendants a day late, on 6 November 2018.

The parties agreed to contents of the record on appeal via email on 16 January 2019,[1] and it was filed with this Court on 18 January 2019. Plaintiff, however, failed

---

[1] Plaintiff contends the record was settled by agreement on 15 January 2019. Defendants' counsel filed an affidavit and exhibits with this Court alongside their motion to dismiss the appeal demonstrating that the record was not agreed to until 16 January 2019. In any event, we conclude that the record on appeal was settled well before 16 January 2019 by operation of Rule 11 of the North Carolina Rules of Appellate Procedure. Plaintiff served the proposed record via hand delivery on 6 November 2018 and Defendants timely served their objections and amendments to the proposed record on 5 December 2018, one day before the 30-day deadline provided by Rule 11. N.C. R. App. P. 11(c) (2019). To avoid settlement of the record by operation of rule, if Plaintiff disagreed with Defendants' objections and amendments, Plaintiff must have sought judicial settlement prior to 18 December 2018. *See id.* ("If any appellee timely serves amendments [or] objections . . . and no judicial settlement of the record is timely sought, the record is deemed settled as of the expiration of the ten-day period within which any party could have requested judicial settlement of the record on appeal under this Rule 11(c)."). No request for judicial settlement or agreement to the record's contents appears in the record, so we therefore assume the record was settled by operation of Rule 11(c) on 18 December 2018. *See* N.C. R. App. P. 9(a)(1)i. (requiring an agreement, notice of approval, or judicial settlement order to be included in the record on appeal). Although Rule 11(c) provides that "nothing herein shall prevent settlement of the record on appeal by agreement of the parties at any time within the times herein limited for settling the record by judicial order[,]" that time expired on 8 January 2019. *See id.* (requiring entry of an order settling the record on appeal within twenty days of service of a request on a judge, which must have been made within ten days of the of the latest possible served objection or

to post the appeal bond and pay the docketing fee at the time of filing as required by our appellate rules. N. C. R. App. P. 6(c) and 12(b).[2] This Court sent a letter reminding Plaintiff of the required appeal bond and docketing fee and extended the deadline for those payments by ten days, until 8 February 2019. Plaintiff did not post the bond or pay the required fee until 28 February 2019, 20 days beyond the extended deadline.

Plaintiff's filing of the record on appeal on 18 January 2019 also meant that its principal brief was due to be filed on or before 18 February 2019, *i.e.*, within 30 days as required by our rules. N.C. R. App. P. 13(a)(1). By 22 February 2019, Plaintiff still had not filed its brief, and Defendants moved to dismiss the appeal. Plaintiff responded by arguing that the time to file its brief had not begun to run because this

---

amendment by an appellee). After the record was settled by operation of Rule 11, the parties could not settle it by agreement. This discrepancy raises an additional rule violation not identified by Defendants—if the record on appeal was settled by rule on 18 December 2018, Plaintiff was required to file the final record on appeal on 2 January 2019. *See* N.C. R. App. P. 12(a) (requiring the record on appeal to be filed within fifteen days of settlement under Rule 11). The record on appeal, however, was not filed until 18 January 2019.

[2] It is also unclear whether Plaintiff properly served the final record on appeal. *See* N.C. R. App. P. 26(b)-(c) (requiring service of documents filed with this Court and enumerating valid methods of service). The certificate of service in the record states that it was served via "email/electronic" on Defendants on 15 January 2019; although Plaintiff's counsel provided Defendants' counsel access to a Dropbox folder containing the proposed record via email on 15 January 2019, later emails show Plaintiff's counsel continued to modify the contents of the record on 16 January, with Defendants' final agreement to the record transmitted via email later that day. And there is no other material before this Court conclusively demonstrating that the final record Plaintiff eventually filed was ever provided to Defendants via email or hand delivery. Plaintiff's failure to timely pay the docketing fee also made it difficult for Defendants to confirm that the record in the Dropbox folder matched the final record actually filed with this Court, as they could not access the electronic copy Plaintiff had filed on 18 January 2019 until that fee was paid more than a month later on 28 February 2019. Defendants requested that Plaintiff's counsel provide a copy of the record via letter dated 30 January 2019, but Plaintiff's counsel never responded.

Court's clerk had not yet mailed the printed record to the parties, apparently relying on a superseded version of the appellate rules. *Compare* N.C. R. App. P. 13(a)(1) (2018) (requiring the appellant to file its brief "[w]ithin thirty days after the clerk of the appellate court has mailed the printed record to the parties") *with* N.C. R. App. P. 13(a)(1) (2019) (requiring the same "[w]ithin thirty days after the record on appeal has been filed with the appellate court").

This Court dismissed—without prejudice—Defendants' first motion to dismiss on 4 March 2019 and informed Plaintiff of the applicable version of Rule 13; Plaintiff thereafter filed a motion for an extension of time to file its principal brief on 8 March 2019. We allowed that motion in our discretion and ordered Plaintiff to file its brief "on or before 25 March 2019."

Plaintiff did not file its principal brief on or before 25 March 2019. Instead, Plaintiff filed its brief electronically the following day.[3] And, despite representing in the certificate of service that its principal brief was served on Defendants via U.S. Mail on 25 March 2018, Defendants' counsel's affidavit and attached documentation filed with this Court disclose that Defendants never received Plaintiff's brief via mail. Defendants' counsel notified Plaintiff's counsel via email on 2 April 2019 that they

---

[3] The certificate of service attached to Plaintiff's brief states that it was electronically filed with this Court on "25 March 2018." However, this Court's internal records system and the public e-filing portal both disclose the filing date as 26 March 2019. *See 19-104: K2HN Constr. NC, LLC v. Five D Contractors, Inc.*, N.C. Sup. Ct. and Ct. App. Elec. Filing Site and Document Library, https://www.ncappellatecourts.org/search-results.php?sDocketSearch=19-104&exact=1 (last visited Aug. 22, 2019).

had not yet received the brief in the mail and inquired whether it had ever actually been sent; Plaintiff's counsel replied the next day that he "thought" he had mailed the brief but would send it again. Defendants' counsel then followed up by asking when the brief was mailed. A day later, Plaintiff's counsel had not answered that question, nor had he provided Plaintiff's brief to Defendants per his representation. Defendants' counsel sent another email on 4 April 2019 asking Plaintiff's counsel when or if the brief was mailed. Plaintiff's counsel responded the following morning by emailing a copy of the brief and promising hand-delivery later that day without answering Defendants' question.

It appears, then, that Plaintiff finally effectuated valid service of its brief on 5 April 2019, ten days after the time prescribed by rule. *See* N.C. R. App. P. 13(a)(1) (requiring service of appellant's brief); N.C. R. App. P. 26(c) (allowing service consistent with Rule 4 of the North Carolina Rules of Civil Procedure via hand delivery, mail, or, if the document is filed electronically, via email); N.C. R. App. P. 26(b) ("Copies of all papers filed by any party and not required by these rules to be served by the clerk shall, *at or before the time of filing*, be served on all other parties to the appeal." (emphasis added)).

On 24 April 2019, Defendants filed a second motion to dismiss with this Court, alleging violations of Rules 6(c), 11, 12(b), and 13(a)(1) based on the above conduct. Defendants included in their filing the affidavit from Defendant's counsel and

supporting documentation referenced above. Plaintiff did not file a response to Defendants' motion.

## II. ANALYSIS

### A. Appellate Rules Violations Generally

Our Supreme Court has recently reiterated that "the Rules of Appellate Procedure are mandatory and not directory[,]" *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 304 (2019) (internal quotation marks and citation omitted), as a " 'failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice.' " *Id.* at 198-99, 827 S.E.2d at 304 (quoting *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008)). Thus, "[a]s a natural corollary, parties who default under the rules ordinarily forfeit their right to review on the merits." *Dogwood*, 362 N.C. at 194, 657 S.E.2d at 363 (citations omitted).

Tempering such a harsh result is the urging from the Supreme Court "that noncompliance with the appellate rules does not, ipso facto, mandate dismissal of an appeal." *Id.* This is particularly true where a nonjurisdictional default has occurred, as "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." *Id.* at 198, 657 S.E.2d at 365 (citations omitted). A determination of whether such violations warrant sanctions up to and including dismissal is subject to Rules 25 and 34, meaning:

> the appellate court may not consider sanctions of any sort when a party's noncompliance with nonjurisdictional requirements of the rules does not rise to the level of a "substantial failure" [under Rule 25(b)] or "gross violation" [under Rule 34(a)(3)]. In such instances, the appellate court should simply perform its core function of reviewing the merits of the appeal to the extent possible.

*Id.* at 199, 657 S.E.2d at 366. The existence of a substantial failure or gross violation depends upon the factors present in the case, which may include "whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process." *Id.* at 200, 657 S.E.2d at 366-67 (citations omitted). It is also appropriate for this Court to weigh the number of rules violated. *Id.* at 200, 657 S.E.2d at 367. Additionally, and of critical import to this appeal, "in certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review." *Id.* (citing a prior version of N.C. R. App. P. 28(b)(6)).

*B. Plaintiff's Various Nonjurisdictional Defaults*

Here, Plaintiff has committed at least the following nonjurisdictional violations: (1) failing to timely serve the proposed record on appeal as required by Rule 11(b); (2) failing to timely file the record on appeal pursuant to Rule 12(a) given that the record appears to have been settled by rule on 4 January 2019; (3) failing to timely post an appeal bond as required by Rule 6(c); (4) failing to timely pay the docketing fee as required by Rule 12(b); (5) failing to timely file its principal brief as

required by Rule 13(a)(1); (6) failing to timely serve its principal brief as required by Rules 13(a)(1) and 26(b); and (7) failing to take timely action pursuant to an order of this Court as set forth in Rule 25(a).

In addition to these violations, Plaintiff's filings with this Court appear to include discrepancies that contradict and do not align with either the sworn statements and documentation provided by Defendants' counsel or this Court's own internal records concerning Plaintiff's pursuit of this appeal. Those discrepancies include: (1) a statement in the certificate of service in the record on appeal that it was served on 15 January 2019 when emails between the parties show Plaintiff's counsel continued to modify the record's contents until at least the following day; (2) a statement in the certificate of service included in Plaintiff's principal brief that it was filed electronically on 25 March 2018 when this Court's internal documentation shows it was not filed until 26 March 2019; and (3) a statement in that same certificate of service that service was made on Defendants via U.S. Mail when no such mailing appears to have occurred and, when pressed for confirmation of mailing by Defendants' counsel, was not confirmed by Plaintiff.

Presuming, *arguendo*, that the above violations do not give rise to a substantial failure or gross violation warranting dismissal, this Court's own independent review of Plaintiff's brief reveals a "noncompliance with a discrete requirement of the rules [that] constitute[s] a default precluding substantive review." *Dogwood*, 362 N.C. at

200, 657 S.E.2d at 367. Plaintiff's brief violates Rule 28(b)(6) to such an extent that we deem each argument presented to be abandoned.

*C. Plaintiff's Rule 28(b)(6) Violations*

Rule 28(b)(6) requires the appellant's brief to include "[a]n argument, to contain the contentions of the appellant with respect to each issue presented." N.C. R. App. 28(b)(6). The rule expressly warns appellants that "[i]ssues . . . in support of which no reason or argument is stated, will be taken as abandoned." *Id.* An appellant avoids abandonment when it complies with the rule's mandate that "[t]he body of the argument . . . shall contain citations of the authorities upon which the appellant relies." *Id.* This Court has routinely held an argument to be abandoned where an appellant presents argument without such authority and in contravention of the rule. *See, e.g., Fairfield v. WakeMed*, ___ N.C. App. ___, ___, 821 S.E.2d 277, 281 (2018) ("Plaintiffs do not cite any legal authority in support of this argument as required by the North Carolina Rules of Appellate Procedure. Therefore, we deem this issue to be abandoned." (citation omitted)); *GRE Props. Thomasville LLC v. Libertywood Nursing Ctr., Inc.*, 235 N.C. App. 266, 276, 761 S.E.2d 676, 682 (2014) ("Yet, defendant cites only *State v. Kirby* for the proposition that issues of relevance are reviewed *de novo* and fails to cite any further legal authority in support of its argument. As a result, we find defendant has abandoned this argument." (citation omitted)).

- 10 -

Each argument in Plaintiff's brief violates Rule 28(b)(6). For example, Plaintiff's arguments that genuine issues of material fact exist concerning its breach of contract, unjust enrichment, fraud, and unfair and deceptive trade practices claims cite no authority establishing: (1) what the elements of those claims are; or (2) how the evidence demonstrates the existence of any genuine issue of material fact pertinent to those elements or any of Defendants' defenses pled and argued below.[4] Plaintiff has, as a result, abandoned these arguments. *See, e.g., Lopp v. Anderson*, ___ N.C. App. ___, ___, 795 S.E.2d 770, 775 (2016) (holding arguments raised on a plaintiff's appeal from a grant of summary judgment in favor of the defendants were abandoned by violation of Rule 28(b)(6) when they "consist[ed] of declaratory statements unsupported by any citation to authority" and failed to address defendant's sovereign immunity defense raised below). Although Plaintiff's arguments regarding its claims for conversion and piercing the corporate veil do contain citations to authority setting forth the elements of conversion and defining piercing the corporate veil, the remainder of those arguments consist of no more than one or two conclusory sentences that fail to apply any legal authority to the evidence presented below or to explain how the trial court's order was inconsistent with the

---

[4] It is clear from the summary judgment hearing transcript that Defendants' motion was based in no small part on the defense of contract illegality; citing both North Carolina and Georgia law, Defendants asserted that an agreement allowing an unlicensed contractor to perform all the construction work on a project under the cover of a licensed general contractor's license number is illegal and unenforceable as against public policy in both states. Plaintiff's brief on appeal completely ignores that defense.

law.  These arguments, too, are abandoned.  *See, e.g., Thompson v. Bass*, ___ N.C. App. ___, ___, 819 S.E.2d 621, 627 (2018) (deeming an argument seeking reversal of summary judgment on an unfair and deceptive trade practices claim abandoned when it consisted of four sentences that, though they included a recitation of the elements of that claim, lacked "any meaningful argument as to how the trial court erred in granting summary judgment on [that] claim").[5]

Plaintiff's final argument—that summary judgment was improper because there may be issues of witness credibility pertinent to two potentially forged documents—does not salvage its appeal.  Even presuming, *arguendo*, that this argument in Plaintiff's brief contains sufficient citation to authority under Rule 28(b)(6),[6] Plaintiff's argument fails to identify how these alleged forgeries establish or relate to either an issue of material fact or a claim that has not otherwise been abandoned.[7]  Although this Court can, after reviewing the record and caselaw, discern

---

[5] Although Plaintiff's statement of the facts does contain some record citations, several of them appear inaccurate and do not support the propositions for which they are cited.  The arguments discussed above, however, are entirely without any citations to the record despite Rule 28(b)(6)'s guidance that "[e]vidence or other proceedings material to the issue may be narrated or quoted in the body of the argument, *with appropriate reference to the record on appeal, the transcript of proceedings, or exhibits*.")  N.C. R. App. P. 28(b)(6) (emphasis added).

[6] The body of the argument does not contain any citations to authority but begins with the introduction "[a]s stated above under the Standard of Review."  Plaintiff's standard of review section does contain citations to authority pertinent to this argument, though those cases merely state a general rule and are not analogized or otherwise analyzed in support of Plaintiff's position.

[7] By way of illustration, it is possible that the documents, if forged, are circumstantial evidence of an intent to deceive consistent with the elements of a fraudulent misrepresentation claim.  *See Taylor v. Gore*, 161 N.C. App. 300, 303, 588 S.E.2d 51, 54 (2003) (setting forth the five elements of a claim for fraudulent misrepresentation).  Plaintiff, however, does not make this argument with specificity and citations to authority, nor does it argue how any of the other four elements would be

- 12 -

some potential lines of argument that *could* have been made in this portion of the brief, those arguments have not been set forth by Plaintiff, "and it is not the role of this Court to create an appeal for an appellant or to supplement an appellant's brief with legal authority or arguments not contained therein." *Thompson*, ___ N.C. App. at ___, 819 S.E.2d at 627. We deem this argument abandoned, as it fails "to submit any meaningful argument as to how the trial court erred in granting summary judgment." *Id.*

### III.  **CONCLUSION**

Plaintiff has committed numerous nonjurisdictional rules violations in pursuing this appeal. Presuming, *arguendo*, that these violations may not, standing alone, have warranted dismissal, Plaintiff's failure to present appropriate argument supported with citations to authority and the record consistent with Rule 28(b)(6) "constitute[s] a default precluding substantive review." *Dogwood*, 362 N.C. at 200, 657 S.E.2d at 367. That failure both "impairs the court's task of review and . . . frustrate[s] the adversarial process[,]" *id.* at 200, 657 S.E.2d at 366-67 (citation omitted), as any review on the merits would require this Court to construct and decide arguments that Plaintiff has not adequately presented and to which Defendants have not had an opportunity to respond. As a result, we allow

---

satisfied, either through uncontroverted evidence precluding summary judgment for Defendants or evidence that creates a genuine issue of material fact. Plaintiff's brief does not identify the elements of fraudulent misrepresentation at all and does not cite a single case discussing or applying the law of that cause of action, whether at summary judgment or otherwise.

Defendant's motion to dismiss for the violations identified therein and the other violations identified by this Court.

DISMISSED.

Judges TYSON and HAMPSON concur.