IN THE SUPREME COURT OF NORTH CAROLINA

2021-NCSC-116

No. 233A20

Filed 24 September 2021

STATE OF NORTH CAROLINA

v.

JOHNATHAN RICKS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 271 N.C. App. 348, 843 S.E.2d 652 (2020), finding no error in part and vacating in part a judgment entered on 17 January 2019 by Judge Claire V. Hill in Superior Court, Harnett County. Heard in the Supreme Court on 26 April 2021.

*Joshua H. Stein, Attorney General, by Teresa M. Postell, Assistant Attorney General, for the State-appellant.*

*Kimberly P. Hoppin for defendant-appellee.*

NEWBY, Chief Justice.

In this case we decide whether the Court of Appeals erred by allowing defendant's petition for writ of certiorari and invoking Rule 2 to review defendant's unpreserved challenge to the trial court's orders imposing lifetime satellite-based monitoring (SBM). The North Carolina Rules of Appellate Procedure require that a party seeking appellate review of an SBM order make an objection before the trial court and file a written notice of appeal. A writ of certiorari and invocation of Rule 2

cannot be used to circumvent the Rules of Appellate Procedure. Rather, an appellate court may only consider certiorari when the petition shows merit, meaning that the trial court probably committed error at the hearing. Further, an appellate court may only invoke Rule 2 when injustice appears manifest to the court or when the case presents significant issues of importance in the public interest. Here the Rules of Appellate Procedure bar defendant's appeal. Defendant failed to demonstrate any manifest injustice sufficient to warrant invoking Rule 2, and his petition to the Court of Appeals showed no merit. Therefore, the Court of Appeals abused its discretion when it allowed defendant's petition for writ of certiorari and invoked Rule 2 to review the SBM orders. Accordingly, we reverse the Court of Appeals' decision vacating the trial court's orders imposing SBM.

On 17 January 2019, a jury convicted defendant of three counts of statutory rape of a child by an adult, two counts of statutory sex offense with a child, and three counts of taking indecent liberties with a child. Directly after sentencing in the criminal case, the trial court conducted a civil hearing to address SBM and found that defendant's convictions were reportable under N.C.G.S. § 14-208.6(4) (2019).[1] The

---

[1] "When an offender is convicted of a reportable conviction as defined by [N.C.]G.S. [§] 14-208.6(4), . . . . the court shall determine whether the offender's conviction places the offender in one of the categories described in [N.C.]G.S. [§] 14-208.40(a), and if so, shall make a finding of fact of that determination, specifying whether (i) the offender has been classified as a sexually violent predator pursuant to [N.C.]G.S. [§] 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, (iv) the conviction offense

trial court determined that all of defendant's offenses were sexually violent and involved the physical, mental, or sexual abuse of a minor. The trial court also found that the statutory rape and statutory sex offense convictions were aggravated offenses. The trial court issued separate SBM orders for defendant's various convictions. Based upon defendant's indecent liberties convictions, the trial court ordered defendant to comply with the sex offender registry for thirty years upon his release from prison and, following a risk assessment, to return to the trial court for a later determination on SBM.[2] Additionally, based upon defendant's other convictions, which were aggravated offenses, the trial court ordered lifetime sex offender registration and SBM pursuant to N.C.G.S. § 14-208.40A(c) (2019).[3]

¶ 3        Though defendant gave oral notice of appeal from his criminal convictions, he made no objection to the imposition of SBM and never filed a written notice of appeal of the SBM orders. After filing the record in the Court of Appeals for his criminal appeal, defendant filed a petition for writ of certiorari seeking review of the SBM orders. The Court of Appeals unanimously held that defendant received a trial free

_____

was a violation of [N.C.]G.S. [§] 14-27.23 or [N.C.]G.S. [§] 14-27.28, or (v) the offense involved the physical, mental, or sexual abuse of a minor." N.C.G.S. § 14-208.40A(a)–(b) (2019).

[2] "If the court finds that the offender committed an offense that involved the physical, mental, or sexual abuse of a minor, . . . the court shall order that the Division of Adult Correction do a risk assessment . . . . and report the results to the court." N.C.G.S. § 14-208.40A(d).

[3] "If the court finds that the offender . . . has committed an aggravated offense, . . . the court shall order the offender to enroll in [lifetime SBM]." N.C.G.S. § 14-208.40A(c).

from prejudicial error. *State v. Ricks*, 271 N.C. App. 348, 364, 843 S.E.2d 652, 665 (2020). It reached a divided decision, however, on the SBM issue. *Id.* Despite defendant's fatal procedural errors, the Court of Appeals relied upon this Court's decision in *State v. Bursell*, 372 N.C. 196, 827 S.E.2d 302 (2019), and reached the merits of defendant's SBM challenge. *Ricks*, 271 N.C. App. at 361, 843 S.E.2d at 664. It did so by allowing defendant's petition for writ of certiorari and invoking Rule 2 of the North Carolina Rules of Appellate Procedure. *Id.* at 358, 843 S.E.2d at 662. The Court of Appeals then held that the trial court failed to conduct a reasonableness hearing pursuant to this Court's decision in *State v. Grady*, 372 N.C. 509, 831 S.E.2d 542 (2019), and vacated the SBM orders without prejudice. *Ricks*, 271 N.C. App. at 364, 843 S.E.2d at 665.

¶ 4         The dissent, however, would not have allowed defendant's petition for writ of certiorari because "[d]efendant ha[d] not demonstrated any prejudice to merit issuance of the writ." *Id.* at 368, 843 S.E.2d at 668 (Tyson, J., concurring in the result in part and dissenting in part) (citing *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959)). Further, the dissent would have refused to invoke Rule 2 because defendant failed to show he is any "different from other defendants who failed to preserve their constitutional arguments in the trial court, and because he ha[d] not argued any specific facts that demonstrate manifest injustice." *Ricks*, 271 N.C. App. at 366, 843 S.E.2d at 666 (quoting *State v. Bishop*, 255 N.C. App. 767, 770, 805 S.E.2d

367, 370 (2017)). According to the dissent, the trial court's imposition of SBM did not demonstrate manifest injustice because (1) "[d]efendant's status does not fall within the category of defendants at issue in *Grady* . . . , that is, recidivists who have completed their sentence and are no longer under any State supervision"; (2) defendant's convictions "were reportable convictions pursuant to N.C.[G.S.] § 14-208.6"; (3) "[d]efendant's convictions of statutory rape of a child by an adult and statutory sex offense are sexually violent and aggravated offenses involving the sexual abuse of a minor"; and (4) N.C.G.S. § 14-208.40A(c), which has "withstood and survived constitutional scrutiny," requires "defendants convicted of sexually violent offenses or aggravated offenses to be subject to [SBM]." *Ricks*, 271 N.C. App. at 367, 843 S.E.2d at 667. As such, the dissent noted that "[d]efendant's failure to appeal from or to preserve his purported challenge to his SBM order[s] on constitutional grounds mandates dismissal." *Id.* at 369, 843 S.E.2d at 668. The State appealed to this Court based upon the dissenting opinion at the Court of Appeals.

¶ 5        We review the Court of Appeals' decision to allow a petition for writ of certiorari and invoke Rule 2 for an abuse of discretion. *Bursell*, 372 N.C. at 201, 827 S.E.2d at 306; *see Grundler*, 251 N.C. at 189, 111 S.E.2d at 9 (holding that certiorari is a discretionary writ). A party seeking appellate review of a trial court order in a civil proceeding must make a timely objection and file a notice of appeal. "In order to preserve an issue for appellate review, a party must have presented to the trial court

a timely . . . objection . . . ." N.C. R. App. P. 10(a)(1). "It is well settled that an error, even one of constitutional magnitude, that [the] defendant does not bring to the trial court's attention is waived and will not be considered on appeal." *Bursell*, 372 N.C. at 199, 827 S.E.2d at 305 (quoting *State v. Bell*, 359 N.C. 1, 28, 603 S.E.2d 93, 112 (2004)). Rule 2 allows an appellate court to suspend the Rules of Appellate Procedure and reach the merits of an unpreserved issue "in a case pending before [the court]." N.C. R. App. P. 2. An appellate court, however, may only invoke Rule 2 "in exceptional circumstances" when "injustice . . . appears manifest to the [c]ourt" or when the case presents "significant issues of importance in the public interest." *State v. Hart*, 361 N.C. 309, 315–16, 644 S.E.2d 201, 205 (2007) (quoting *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299–300 (1999)). Notably, "precedent cannot create an automatic right to review via Rule 2." *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 603 (2017). "[W]hether an appellant has demonstrated that his matter is the rare case meriting suspension of our appellate rules," rather, "is always a discretionary determination to be made on a case-by-case basis." *Id.*

¶ 6   Further, a party appealing an order "rendered in a civil action" must "fil[e] notice of appeal with the clerk of superior court and serv[e] copies thereof upon all other parties" in a timely manner. N.C. R. App. P. 3(a). The Court of Appeals thus does not have jurisdiction to review a trial court's SBM order unless the party seeking review complies with Rule 3(a) by filing a written notice of appeal. *See State v.*

*Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010) (stating that the SBM program

is a "civil, regulatory scheme"); *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328

N.C. 563, 563–64, 402 S.E.2d 407, 408 (1991) (holding that when "the record does not

contain a notice of appeal in compliance with Rule 3, the Court of Appeals ha[s] no

jurisdiction of the appeal"). Though the Court of Appeals may issue a writ of certiorari

to review a trial court's order "when the right to prosecute an appeal has been lost by

failure to take timely action," N.C. R. App. P. 21(a)(1), the petition must show "merit

or that error was probably committed below," *Grundler*, 251 N.C. at 189, 111 S.E.2d

at 9 (citing *In re Snelgrove*, 208 N.C. 670, 672, 182 S.E. 335, 336 (1935)). "A writ of

certiorari is not intended as a substitute for a notice of appeal" because such a practice

would "render meaningless the rules governing the time and manner of noticing

appeals." *Bishop*, 255 N.C. App. at 769, 805 S.E.2d at 369.

¶ 7     The Court of Appeals majority relied upon our decision in *Bursell*, but that case

is distinguishable. There the defendant filed a timely notice of appeal challenging the

trial court's imposition of lifetime SBM on Fourth Amendment grounds. *Bursell*, 372

N.C. at 198, 827 S.E.2d at 304. The defendant, however, had failed to properly object

to the SBM order and thus did not preserve his ability to raise that issue on appeal.

*Id.* at 200, 827 S.E.2d at 305. The Court of Appeals invoked Rule 2 to review the

defendant's unpreserved argument. *Id.* This Court recognized that the Court of

Appeals examined the specific circumstances of that individual case:

> The Court of Appeals first noted that a constitutional right, such as the Fourth Amendment right implicated here, is a substantial right. The Court of Appeals deemed the invocation of Rule 2 appropriate "when considering defendant's young age, the particular factual bases underlying his pleas, and the nature of those offenses, combined with the State's and the trial court's failures to follow well-established precedent in applying for and imposing SBM, and the *State's concession of reversible Grady error*."

*Id.* at 201, 827 S.E.2d at 306 (emphasis added) (quoting *State v. Bursell*, 258 N.C. App. 527, 533, 813 S.E.2d 463, 467 (2018)). This Court then held that "the Court of Appeals did not abuse its discretion by invoking Rule 2" because "the State concede[d] that the trial court committed error relating to a substantial right." *Bursell*, 372 N.C. at 201, 827 S.E.2d at 306.

¶ 8     A case whose procedural posture is more aligned with the present case is *Bishop*. There the defendant failed to preserve for appeal his constitutional challenge to the imposition of SBM and failed to timely appeal the trial court's SBM order. *Bishop*, 255 N.C. App. at 768, 805 S.E.2d at 369. The defendant then asked the Court of Appeals "to take *two* extraordinary steps to reach the merits, first by issuing a writ of certiorari to hear th[e] appeal, and then by invoking Rule 2 . . . to address [the] unpreserved constitutional argument." *Id.* at 768–69, 805 S.E.2d at 369. The Court of Appeals held the defendant failed to show that his argument was "meritorious or that the trial court probably committed error." *Id.* at 769, 805 S.E.2d at 369. The Court of Appeals declined to invoke Rule 2 because the defendant was "no different

from other defendants who failed to preserve their constitutional arguments" and failed to argue "any specific facts" to demonstrate that invoking Rule 2 would prevent "manifest injustice." *Id.* at 770, 805 S.E.2d at 370. The Court of Appeals then noted that the defendant could not prevail on his SBM challenge "without the use of Rule 2." *Id.* Thus, that court "decline[d] to issue a writ of certiorari to review th[e] unpreserved argument on direct appeal." *Id.*

¶ 9     The question here is whether the Court of Appeals abused its discretion when it allowed defendant's petition for writ of certiorari and invoked Rule 2 to reach the merits of defendant's unpreserved challenge to the SBM orders. Notably, this Court's decision in *Bursell* rested heavily upon the State's concession that the trial court committed error. The State in the present case, however, has made no such concession. Further, unlike the defendant in *Bursell*, defendant here failed to give written notice of appeal pursuant to Rule 3(a). As such, the present case is distinguishable from *Bursell*.

¶ 10     Rather, like the defendant in *Bishop*, defendant here committed two fatal procedural errors and failed to show that a refusal to invoke Rule 2 would result in manifest injustice. The trial court appropriately followed N.C.G.S. § 14-208.40A(c) by ordering lifetime SBM due to defendant's status as an aggravated offender. Absent an objection, the trial court was under no constitutional requirement to inquire into the reasonableness of imposing SBM. Defendant is no different from other defendants

who failed to preserve their constitutional arguments. The Court of Appeals should have declined to invoke Rule 2.

¶ 11     Without the use of Rule 2, defendant's challenge to the SBM orders is meritless as it is barred by Rule 10(a)(1). Defendant's petition thus failed to show merit or that error was probably committed below. An invocation of Rule 2 and writ of certiorari cannot substitute for a timely objection and notice of appeal. By allowing defendant's petition for writ of certiorari and invoking Rule 2 to review defendant's challenge to the SBM orders, the Court of Appeals abused its discretion. Accordingly, we reverse the Court of Appeals' decision to vacate the trial court's orders imposing SBM.

REVERSED.

Justice HUDSON dissenting.

There is no dispute that the Court of Appeals could only reach the merits of this case to determine whether the SBM order was constitutional as applied to defendant if it allowed defendant's petition for a writ of certiorari and invoked Rule 2, given defendant's failure to properly object and file a written notice of appeal of the SBM order. The only question is whether the Court of Appeals' choice both to allow defendant's petition for a writ of certiorari and to invoke Rule 2 was an abuse of its discretion. Because I would hold that the Court of Appeals did not abuse its discretion, I respectfully dissent.

In order for the Court of Appeals to exercise its discretion to allow a writ of certiorari, "[a] petition for [a] writ [of certiorari] must show merit or that error was probably committed below." *State v. Grundler*, 251 N.C. 177, 189 (1959). Likewise, Rule 2 may be "applied in the discretion of the Court . . . to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court." *Steingress v. Steingress*, 350 N.C. 64, 66 (1999) (citing *Blumenthal v. Lynch*, 315 N.C. 571, 578 (1986)). "[A] decision to invoke Rule 2 and suspend the appellate rules 'is always a discretionary determination.'" *State v. Bursell* (*Bursell II*), 372 N.C. 196, 201 (2019) (quoting *State v. Campbell*, 369 N.C. 599, 603 (2017)). "A court should consider whether invoking

Rule 2 is appropriate in light of the specific circumstances of individual cases and parties, such as whether substantial rights of an appellant are affected." *Id.* at 200 (cleaned up) (quoting *Campbell*, 369 N.C. at 603).

¶ 14    Here, the Court of Appeals noted that defendant's Fourth Amendment right implicated by the SBM order was a substantial right. *State v. Ricks*, 271 N.C. App. 348, 360 (2020) (citing *Bursell II*, 372 N.C. at 201). The court also looked at the specific circumstances of the case and parties involved, noting that "[d]efendant here was convicted of three counts of statutory rape of a child, two counts of committing a statutory sex offense with a child, and three counts of taking indecent liberties with a child when he, at 21 years old, had sex with two 12-year-old girls," that defendant had committed an aggravated offense, and that the State and trial court "had the benefit of even more guidance regarding the State's burden" to show the reasonableness of imposing a lifetime SBM order "than in *Bursell*" itself. *Id.* In addition, the Court of Appeals noted that "the trial court . . . summarily concluded that SBM should be imposed, without making any findings regarding the reasonableness of the search and without any evidence from the State." *Id.* Having considered these facts, the Court of Appeals determined in its discretion that it would invoke Rule 2 to reach the merits of this case to prevent the injustice that would be manifest if defendant were to be subjected to an unconstitutional lifetime SBM order. *See id.* at 361.

¶ 15        In its analysis, the Court of Appeals tied its considerations to this Court's

analysis in *Bursell II* which affirmed the Court of Appeals' invocation of Rule 2 in

*State v. Bursell* (*Bursell I*), 258 N.C. App. 527 (2018), *aff'd in part, rev'd in part*, 372

N.C. 196 (2019). *Id.* at 359. The majority here concludes that *Bursell II* is

distinguishable from the facts of this case and determines that *State v. Bishop*, 255

N.C. App. 767 (2017), is "more aligned with the present case." But the Court of

Appeals was very clear that, although the *Bursell II* analysis was "instructive," the

factors examined in *Bursell II* by our Court were "not determinative in the exercise

of [its] discretion."[1] *Id.* It noted that the invocation of Rule 2 is a "discretionary and

fact-specific" determination that "[can]not [be] applied mechanically." *Id.* (citing *State

v. Campbell*, 369 N.C. 599, 603 (2017)). Just as similarities to *Bursell II* do not "create

an automatic right to review via Rule 2," *Campbell*, 369 N.C. at 603, likewise

differences between the cases do not automatically defeat the court's ability to invoke

Rule 2.[2] The invocation of Rule 2 "is always a discretionary determination" to be made

---

[1] Indeed, the Court of Appeals acknowledged the same dissimilarity that my colleagues in the majority now emphasize to distinguish *Bursell II* from this case—that "[t]he State here has not, as it did in *Bursell I*, conceded that the trial court's failure to conduct a hearing to determine the reasonableness of the search before imposing SBM constitutes error." *State v. Ricks*, 271 N.C. App. 348, 361 (2020).

[2] For this reason, I find the majority's comparison to *State v. Bishop*, 255 N.C. App. 767, 770 (2017), no more persuasive than the Court of Appeals' comparison to *Bursell II*. While other case law can certainly be helpful in guiding a court's analysis and ensuring consistency in the exercise of discretion, the invocation of Rule 2 is a case-by-case determination which requires an appellate court to review the specific facts and circumstances presented in the case at bar. Comparison to the facts of other cases in the discretionary Rule 2 context is not dispositive.

on a case-by-case basis. *Ricks*, 271 N.C. App. at 359 (quoting *Bursell II*, 372 N.C. at 201). I would conclude that the Court of Appeals here properly looked at the "specific circumstances of individual cases and parties" involved, *Bursell II*, 372 N.C. at 200, when it chose to exercise its discretion and invoke Rule 2.

¶ 16        My colleagues in the majority ultimately conclude that defendant "failed to show that a refusal to invoke Rule 2 would result in manifest injustice." In reaching its conclusion that defendant has failed to show that the imposition of lifetime SBM would result in manifest injustice, the majority points to the holding from the Court of Appeals decision in *Bishop* that the majority states means "[a]bsent an objection, the trial court was under no constitutional requirement to inquire into the reasonableness of imposing [lifetime] SBM." With all due respect, I note that the issue here is not whether the inquiry was required, but whether the Court of Appeals abused its discretion in deciding to address the issue at the time this case was heard in 2020. At best, the law in this area was developing very quickly, leading to a lack of clear guidance for practitioners.

¶ 17        At the time the Court of Appeals used its discretion to invoke Rule 2 in this case, our appellate law arguably required that a trial court conduct a *Grady* hearing to determine the constitutionality of ordering any defendant to enroll in the SBM program and the law required that the State bear the burden of proving the reasonableness under the Fourth Amendment of the SBM search. *See, e.g., Grady v.*

*North Carolina* (*Grady I*), 575 U.S. 306, 310–11 (2015) (vacating the judgment of this Court and remanding because "[t]he North Carolina courts did not examine whether the State's monitoring program is reasonable" without creating subcategories of SBM that might not require a Fourth Amendment search analysis); *State v. Grady* (*Grady II*), 259 N.C. App. 664, 676 (2018) ("We reiterate the continued need for individualized determinations of reasonableness at *Grady* hearings. . . . [T]he State failed to present any evidence of its need to monitor defendant, or the procedures actually used to conduct such monitoring in unsupervised cases. Therefore, the State failed to prove, by a preponderance of the evidence, that lifetime SBM of defendant is a reasonable search under the Fourth Amendment."), *aff'd as modified*, *State v. Grady* (*Grady III*), 372 N.C. 509 (2019); *State v. Griffin*, 270 N.C. App. 98, 108–09 (2020) ("Our case law is clear that the State has advanced legitimate interests in favor of SBM. . . . But, in addition to showing valid objectives, the State bears the burden of proving the reasonableness of a warrantless search which, in the context of SBM, includes the burden of coming forward with some evidence that its SBM program assists in apprehending sex offenders, deters or prevents new sex offenses, or otherwise protects the public. The State's failure to produce any evidence in this regard weighs heavily against a conclusion of reasonableness." (cleaned up) (quoting *Grady III*, 372 N.C. at 543–44)), *review allowed, writ allowed,* 854 S.E.2d 586 (N.C. Mar. 10, 2021); *State v. Gordon* (*Gordon I*), 261 N.C. App. 247, 257 (2018) ("[T]he State has failed to

meet its burden of showing that the implementation of [SBM] of this Defendant will be reasonable . . . ."); *State v. Greene*, 255 N.C. App. 780, 782 (2017) ("North Carolina courts must first examine whether the State's monitoring program is reasonable— when properly viewed as a search—before subjecting a defendant to its enrollment. This reasonableness inquiry requires the court to analyze the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." (cleaned up) (quoting *Grady I*, 575 U.S. at 310)).

At the Court of Appeals, the State argued that our Court's decision in *Grady III* did not apply to this case because defendant did not fall within the category of defendants at issue in *Grady III*, namely: recidivists who have completed their sentence and are no longer under State supervision. The Court of Appeals explained in its opinion that it had already rejected this argument in *Griffin* where it concluded that although the *Grady III* analysis "[did] not compel the result we must reach in this case, its reasonableness analysis does provide us with a roadmap to get there." *Ricks*, 271 N.C. App. at 361 (quoting *Griffin*, 270 N.C. App. at 106). Thus, at the time the Court of Appeals exercised its discretion to invoke Rule 2, the law arguably required that the State present evidence of reasonableness and that the trial court make findings of reasonableness to order lifetime SBM for defendants classified as

aggravated offenders.[3]

In *State v. Hilton*, published on the same day as this opinion, the same majority of the Court comprised here seeks to clarify the applicability of *Grady III* to aggravated offenders by categorically holding—incorrectly, I believe—that "searches effected by the imposition of lifetime SBM upon aggravated offenders are reasonable." *State v. Hilton*, ___ N.C. ___, ___, 2021-NCSC-115, ¶ 4. The *Hilton* dissent, which I join fully, emphasizes why this holding improperly disregards this Court's recent precedent in *Grady III* (which held that "the extent of a problem justifying the need for a warrantless search cannot simply be assumed, instead, the existence of the problem and the efficacy of the solution need to be demonstrated by the government," 372 N.C. at 540) and strays beyond the specific facts of the case to create a broader rule than those facts required. *See Hilton*, ___ N.C. at ___, 2021-NCSC-115, ¶¶ 68–80 (Earls, J., dissenting). Because *Hilton* was not precedent when the Court of Appeals decided this case, though, it could not impact the reasoning of that court below in invoking Rule 2, and therefore cannot influence

---

[3] Besides *Griffin*, on which the Court of Appeals here expressly relied, in three other cases decided since *Grady III* and prior to this one, the Court of Appeals applied *Grady III* to hold an SBM order was an unconstitutional search and in one case vacated and remanded the order to the trial court for a hearing on the reasonableness of the search under the Fourth Amendment. *See State v. Hilton*, ___ N.C. ___, ___, 2021-NCSC-115 (Appendix) (Earls, J., dissenting) (collecting cases). Although not binding on this Court, this precedent demonstrates both the reasonableness of the Court of Appeals' exercise of its discretion and the likelihood of error or manifest injustice to the defendant here absent further review under Rule 2.

our sole consideration here: whether, based on the precedent available at that time, the Court of Appeals abused its discretion in doing so.

¶ 20        Given the state of the law at the time, I cannot conclude that the Court of Appeals abused its discretion when it invoked Rule 2 to reach the merits of this case where there was no hearing regarding the constitutionality of lifetime SBM and the trial court imposed lifetime SBM—a never-ending warrantless search—without any argument from the parties or evidence from the State.

¶ 21        I would hold that the Court of Appeals did not abuse its discretion when it concluded that defendant had a meritorious claim and allowed defendant's petition for a writ of certiorari. Likewise, I would hold that the Court of Appeals did not abuse its discretion when it concluded that invoking Rule 2 would prevent manifest injustice. Accordingly, I respectfully dissent.

Justices ERVIN and EARLS join in this dissenting opinion.