ELMORE, Judge.
 

 *528
 
 Defendant Joseph Charles Bursell appeals from an order requiring him to enroll in North Carolina's satellite-based monitoring (SBM) program for the remainder of his natural life. He argues that the trial court erred by imposing lifetime SBM without conducting the required
 
 Grady
 
 hearing to determine whether such monitoring would amount to a reasonable search under the Fourth Amendment. We agree and vacate the SBM order without prejudice to the State's ability to file a subsequent application for SBM.
 

 I. Background
 

 On 10 August 2016, defendant pled guilty to statutory rape and indecent liberties with a child after having sex with Anna,
 
 [1]
 
 a thirteen-year-old female, when he was twenty years old, in violation of
 
 N.C. Gen. Stat. § 14-27
 
 .7A(a) (recodified at
 
 N.C. Gen. Stat. § 14-27.25
 
 (a) (2015) (effective Dec. 1, 2015) ) and
 
 N.C. Gen. Stat. § 14-202.1
 
 . The trial court consolidated the offenses into one judgment and imposed a sentence in the presumptive range of 192 to 291 months in prison. The trial court also ordered defendant to enroll in lifetime sex offender registration and in lifetime SBM. The evidentiary basis for defendant's plea as presented by the State tended to show the following facts.
 

 On 11 November 2015, Anna's mother reported to the New Hanover County Sheriff's Department that Anna had snuck out of the house the night before and was missing. Responding detectives began searching for Anna at her friends' houses. One friend provided Anna's Facebook account and password, and a detective saw some messages
 
 *465
 
 between her and another person, later identified as defendant. Anna's friends also reported that they had seen Anna and defendant meet multiple
 
 *529
 
 times at a local ice skating rink. That afternoon, an employee at Wave Transit Station in Wilmington called 9-1-1 to report that there were three young people in the area. Responding patrol officers identified two of the people as defendant and Anna, who were then interviewed by the New Hanover County Sheriff's Department.
 

 During her interview, Anna reported that after she met defendant, they started communicating online, and she snuck out of her house on the night of 10 November 2015 to be with him. Defendant attempted to rent them a hotel room, but he only had cash, and both hotels only accepted credit cards. She and defendant then had sex in the parking lot and talked about leaving town together, before they were picked up at the bus station. In defendant's interview, he admitted to having sex with Anna and corroborated her version of the events.
 

 After the trial court accepted defendant's plea and rendered its sentence on the offenses, the State applied for the imposition of lifetime registration and SBM. Defense counsel objected to both registration and SBM. After the trial court found defendant had committed an aggravating offense under the registration and SBM statutes, it summarily concluded that defendant "require[s] the highest possible level of supervision and monitoring" and ordered that he enroll in lifetime registration and be subject to lifetime SBM. Over defendant's objections to the registration and SBM orders, the trial court acknowledged that his guilty plea was contingent upon reserving his right to appeal those orders. Defendant later filed timely written notice of appeal from both orders.
 

 II. Analysis
 

 On appeal, defendant contends the trial court violated his Fourth Amendment rights by ordering he enroll in lifetime SBM without making the required
 
 Grady
 
 determination that such monitoring would be a reasonable search.
 
 See
 

 Grady v. North Carolina
 
 , 575 U.S. ----,
 
 135 S.Ct. 1368
 
 ,
 
 191 L.Ed.2d 459
 
 (2015). The State concedes that the trial court erred under
 
 Grady
 
 and, therefore, its order should be vacated and the case should be remanded for a new SBM hearing. However, as a threshold matter, the State argues that because defendant failed to raise a Fourth Amendment objection on
 
 Grady
 
 grounds when he objected to the imposition of SBM at sentencing, he has waived his right to appellate review of this issue.
 

 A. Issue Preservation
 

 The State contends that, although defendant objected at sentencing to the orders of registration and SBM, because he neither referenced
 
 *530
 

 Grady
 
 nor "raise[d] any objection that the imposition of SBM ... effected an unreasonable search in violation of the Fourth Amendment," this issue is not preserved for appellate review. We disagree.
 

 Generally, "[c]onstitutional errors not raised by objection at trial are deemed waived on appeal."
 
 State v. Edmonds
 
 ,
 
 212 N.C. App. 575
 
 , 577,
 
 713 S.E.2d 111
 
 , 114 (2011) (citation omitted). However, where a constitutional challenge not "clearly and directly presented to the trial court" is implicit in a party's argument before the trial court, it is preserved for appellate review.
 
 See
 

 State v. Murphy
 
 ,
 
 342 N.C. 813
 
 , 822,
 
 467 S.E.2d 428
 
 , 433 (1996) (deeming preserved a constitutional challenge "not specifically argued" nor "clearly and directly presented to the trial court" but "implicit in the defendant's argument" and thus "implicitly presented to the trial court");
 
 see also
 

 State v. Spence
 
 ,
 
 237 N.C. App. 367
 
 , 371,
 
 764 S.E.2d 670
 
 , 674-75 (2014) (deeming preserved a constitutional challenge not directly presented to the trial court where "[i]t [was] apparent from the context that the defense attorney's objections were made in direct response to the trial court's ruling to remove all bystanders from the courtroom-a decision that directly implicates defendant's constitutional right to a public trial"). Our Rules of Appellate Procedure similarly provide that a timely objection, even absent an articulation of the specific grounds of that objection, will preserve an issue for appellate review when those grounds are contextually apparent. N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely ...
 

 *466
 
 objection, ... stating the specific grounds for the ruling the party desired the court to make
 
 if the specific grounds were not apparent from the context
 
 ." (emphasis added) ).
 

 Here, the plea hearing transcript reveals that, after the State's application of lifetime registration and SBM, defense counsel raised the following objections:
 

 [DEFENSE]: ... I would object on two grounds. I know the status of the law is pretty clear as to the register, [sic] but for purposes of preserving any record if that were to change, I would submit that it is insufficient under Fourth Amendment grounds and due process grounds to place him on the registry in its entirety. Alternatively, that the lifetime requirement be a little excessive in this case and would ask you to alternatively consider putting him on the 30-year list.
 

 As to satellite-based monitoring, I think
 
 the Court needs to hear some additional evidence other than the
 

 *531
 

 [recitation] of the facts from the attorney or from the district attorney as to satellite-based monitoring
 
 .
 
 And since that evidentiary issue has not been resolved, there isn't any statements from the victim or otherwise from law enforcement that you ought not to order satellite-based monitoring in this case, and that the registry alternative would satisfy those concerns
 
 ....
 

 (Emphasis added.) The trial court responded:
 

 [THE COURT]: ... All noted exceptions made on the record by [defense counsel] on behalf of the defendant as to his
 
 constitutional standing
 
 , as to the standing of the current law, and as to the future references in implication that you have made in your arguments. All those are noted for the record.
 
 All of those at this point in time are taken under consideration by the Court.
 

 (Emphasis added.) After the trial court rendered its findings to support its orders of lifetime registration and SBM, defense counsel objected again:
 

 [DEFENSE]: ... [W]e will file our written notice of appeal for the findings for the registry and the satellite-based monitoring, but.... I do want to put on the record we do note our exception and objection to both of those in open court[.] ...
 

 The trial court responded:
 

 THE COURT: It's noted that you are making your plea contingent upon reserving your ability to file any actionable appeals that might be relevant to this cause.
 

 As in
 
 Murphy
 
 and
 
 Spence
 
 , although defendant did not clearly and directly reference the Fourth Amendment when objecting to the State's application for SBM, nor specifically argue that imposing SBM without a proper
 
 Grady
 
 determination would violate his constitutional rights, it is readily apparent from the context that his objection was based upon the insufficiency of the State's evidence to support an order imposing SBM, which directly implicates defendant's rights under
 
 Grady
 
 to a Fourth Amendment reasonableness determination before the imposition of SBM. Although defendant only referenced the Fourth Amendment during his objection to the State's lifetime registration application, he specifically argued during his objection to the State's SBM application that it needed to present additional evidence beyond the factual basis
 
 *532
 
 for his plea before the trial court could impose SBM, and implicit in those grounds was an argument that ordering lifetime SBM in this case without first making a proper
 
 Grady
 
 determination would violate his Fourth Amendment rights. Defendant explicitly argued that "the Court needs to hear some additional evidence other than the [recitation] of the facts from the attorney or from the district attorney as to satellite-based monitoring" and noted further that "there isn't any statements from the victim or otherwise from law enforcement[,]" implicating a challenge to the sufficiency of evidence relevant for the trial court to make findings to support
 
 Grady
 
 's required fact-specific, totality-of-the-circumstances determination of the Fourth Amendment reasonableness of imposing lifetime SBM. We thus hold that defendant's constitutional
 
 Grady
 
 challenge was preserved.
 

 Assuming,
 
 arguendo
 
 , this objection was inadequate to preserve a constitutional
 
 Grady
 
 challenge for appellate review, in our discretion we would invoke Rule 2 to relax
 
 *467
 
 Rule 10's issue-preservation requirement and review its merits.
 

 Under Rule 2 of our Rules of Appellate Procedure, "[t]o prevent manifest injustice to a party[ ] ... either court of the appellate division may[ ] ... suspend or vary the requirements or provisions of any of these rules in a case pending before it ... upon its own initiative[.] ... N.C. R. App. P. 2. " Rule 2 relates to the residual power of our appellate courts to consider,
 
 in exceptional circumstances
 
 , significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court
 
 and only in such instances
 
 ."
 
 State v. Campbell
 
 ,
 
 369 N.C. 599
 
 , 603,
 
 799 S.E.2d 600
 
 , 602 (2017) (citations and quotation marks omitted). "[W]hether a particular case is one of the rare 'instances' appropriate for Rule 2 review-must necessarily be made in light of the
 
 specific circumstances of individual cases and parties
 
 , such as whether 'substantial rights of an appellant are affected.' "
 

 Id.
 

 (quoting
 
 State v. Hart
 
 ,
 
 361 N.C. 309
 
 , 316,
 
 644 S.E.2d 201
 
 , 205 (2007) ). The case-specific decision of whether to invoke Rule 2 rests in the discretion of the panel assigned to hear the case and is not constrained by precedent.
 
 Cf.
 

 Id.
 
 at 603,
 
 799 S.E.2d at 603
 
 ("[P]recedent cannot create an automatic right to review via Rule 2.").
 

 In
 
 State v. Bishop
 
 , --- N.C. App. ----,
 
 805 S.E.2d 367
 
 (2017), we elected not to invoke Rule 2 to review an unpreserved constitutional
 
 Grady
 
 argument with respect to SBM because "the law governing preservation of this issue was settled at the time [the defendant] appeared before the trial court" and because the defendant did not timely appeal the SBM order.
 

 Id.
 

 , at ----,
 
 805 S.E.2d at
 
 369-70 ;
 
 see also
 

 id="p533" href="#p533" data-label="533" data-citation-index="1" class="page-label">*533
 

 id.
 
 , at ----,
 
 805 S.E.2d at 368, 369-70
 
 (reasoning that the defendant's 29 June 2016 sentencing hearing occurred "months
 
 after
 
 this Court issued" its 15 March 2016 decisions in
 
 State v. Blue
 
 ,
 
 246 N.C. App. 259
 
 ,
 
 783 S.E.2d 524
 
 (2016), and
 
 State v. Morris
 
 ,
 
 246 N.C. App. 349
 
 ,
 
 783 S.E.2d 528
 
 (2016) ). Here, defendant's 10 August 2016 sentencing hearing also occurred after the laws governing the State's burden in applying for SBM was settled. But unlike in
 
 Bishop
 
 , defendant's counsel here objected to SBM as unreasonable and without evidentiary support, and defendant timely appealed the SBM order. Also, unlike in
 
 Bishop
 
 , the State here concedes reversible error.
 

 It is axiomatic that a constitutional right is a "substantial right." In view of the gravity of subjecting someone for life to a potentially unreasonable search of his person in violation of his Fourth Amendment rights, especially when considering defendant's young age, the particular factual bases underlying his pleas, and the nature of those offenses, combined with the State's and the trial court's failures to follow well-established precedent in applying for and imposing SBM, and the State's concession of reversible
 
 Grady
 
 error, even if this argument was unpreserved, in our discretion we would invoke Rule 2 to relax Rule 10(a)(1)'s issue-preservation requirement in order to prevent manifest injustice to defendant.
 

 B. Merits
 

 The State concedes that if defendant's
 
 Grady
 
 error was properly preserved, the trial court erred by not analyzing " 'the totality of circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations' " before imposing SBM.
 
 Blue
 
 , 246 N.C. App. at 264, 783 S.E.2d at 527 (quoting
 
 Grady
 
 , 575 U.S. at ----,
 
 135 S.Ct. at 1371
 
 ,
 
 191 L.Ed.2d at
 
 462 );
 
 Morris
 
 , 246 N.C. App. at 351, 783 S.E.2d at 529 (same). The State thus argues that the order should be vacated and the case remanded for a new SBM hearing.
 
 See
 

 Blue
 
 , 246 N.C. App. at 264-65, 783 S.E.2d at 527 ;
 
 Morris
 
 , 246 N.C. App. at 352, 783 S.E.2d at 530. We agree there was
 
 Grady
 
 error and vacate the order. "
 
 Blue
 
 and
 
 Morris
 
 made clear that a case for [SBM] is the State's to make,"
 
 State v. Greene
 
 , --- N.C. App. ----, ----,
 
 806 S.E.2d 343
 
 , 345 (2017), and, importantly, that a trial court must make the required
 
 Grady
 
 determination before imposing SBM.
 

 In
 
 Greene
 
 , we held that where the defendant clearly and distinctly preserved an objection to SBM on
 
 Grady
 
 grounds, the appropriate remedy when the State fails to carry its burden of producing sufficient evidence to permit the trial court to make its required
 
 *468
 

 Grady
 
 determination
 
 *534
 
 is not to remand the case for a new SBM hearing,
 

 id.
 

 , at ---- ----,
 
 806 S.E.2d at 345-46
 
 , which would effectively allow the State to " 'try again' by applying for yet another [SBM] hearing[,]"
 

 id.
 

 , at ---- ----,
 
 806 S.E.2d at
 
 345-46 ;
 
 see also
 

 id.
 

 at ----,
 
 806 S.E.2d at 345
 
 (reasoning that "the nature of the State's burden was no longer uncertain at the time of the defendant's [14 November 2016 SBM] hearing" (citation omitted) ). Here, defendant's SBM objection at sentencing, while contextually adequate to preserve his right to appellate review of his constitutional
 
 Grady
 
 argument, was not argued on
 
 Grady
 
 grounds as clearly and distinctly as in
 
 Greene
 
 . Also, defendant's sentencing hearing occurred earlier than the SBM hearing in
 
 Greene
 
 . We thus hold that the proper remedy in this case is to vacate the SBM order without prejudice to the State's ability to file a subsequent SBM application.
 

 III. Conclusion
 

 Defendant properly preserved at sentencing a constitutional objection on
 
 Grady
 
 grounds to the imposition of SBM. But even if his objection was inadequate to preserve a
 
 Grady
 
 challenge for appellate review, in our discretion we would invoke Rule 2 under the particular circumstances of this case in order to review its merits. Because no
 
 Grady
 
 hearing was held before the trial court imposed SBM, we vacate its order without prejudice to the State's ability to file a subsequent SBM application.
 

 VACATED.
 

 Judge INMAN concurs.
 

 Judge BERGER dissents by separate opinion.
 

 BERGER, Judge, dissenting in separate opinion.
 

 I respectfully dissent. Defendant's appeal should be dismissed because he failed to preserve his constitutional argument pursuant to Rule 10(a)(1), and our appellate rules should not be suspended pursuant to Rule 2.
 

 I.
 
 Preservation
 

 "[A] party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1) (2017). This Court has ruled "[c]onstitutional errors not raised by objection at trial are deemed waived
 
 *535
 
 on appeal."
 
 State v. Edmonds
 
 ,
 
 212 N.C. App. 575
 
 , 577,
 
 713 S.E.2d 111
 
 , 114 (2011) (citations omitted). "[I]ssues and theories of a case not raised below will not be considered on appeal...."
 
 Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.
 
 ,
 
 354 N.C. 298
 
 , 309,
 
 554 S.E.2d 634
 
 , 641 (2001). "[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal."
 
 Dogwood Dev. & Mgmt. Co, LLC v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 195-96,
 
 657 S.E.2d 361
 
 , 364 (2008).
 

 Defendant failed to properly preserve his objection to satellite-based monitoring ("SBM"). While Defendant objected to placement on the sex offender registry for life instead of the thirty-year list on constitutional grounds, the same cannot be said of defense counsel's argument for satellite-based monitoring. Defense counsel stated:
 

 As to this issue, I would object on two grounds. I know the status of the law is pretty clear as to the register, but for purposes of preserving any record if that were to change, I would submit that it is insufficient under Fourth Amendment grounds and due process grounds to place [Defendant] on the
 
 registry
 
 in its entirety. Alternatively, that the lifetime requirement be a little excessive in this case and would ask you to alternatively consider putting him on the 30-year list.
 

 (Emphasis added).
 

 Regarding SBM, defense counsel stated to the trial court:
 

 As to satellite-based monitoring, I think the Court needs to hear some additional evidence other than the [recitation] of the facts from the attorney or from the district attorney as to satellite-based monitoring. And since that evidentiary issue has not
 
 *469
 
 been resolved, there isn't any statements from the victim or otherwise from law enforcement that you
 
 ought not to order satellite-based monitoring in this case, and that the registry alternative would satisfy those concerns.
 
 And we leave it at that, your Honor.
 

 (Emphasis added). Despite stating that counsel was objecting on "two grounds," the content of the objection failed to allege an independent constitutional ground for appeal in regards to SBM.
 

 The importance of issue preservation cannot be understated. Our Supreme Court has stated "[t]he requirement expressed in Rule 10 ( [a] ) that litigants raise an issue in the trial court before presenting it on
 
 *536
 
 appeal goes to the heart of the common law tradition and our adversary system."
 
 Dogwood
 
 ,
 
 362 N.C. at 195
 
 ,
 
 657 S.E.2d at 363
 
 (citation, quotation marks, and brackets omitted). Further, the implication of constitutional rights does not relax the burden upon Defendant to properly preserve an issue for appellate review, and it is treated as any other issue in regards to Rule 10.
 
 See
 

 State v. Valentine
 
 ,
 
 357 N.C. 512
 
 , 525,
 
 591 S.E.2d 846
 
 , 857 (2003). Defendant's failure to properly preserve his objection precludes review by this Court.
 

 II.
 
 Suspension of Appellate Rules
 

 I would decline to consider the issue raised on appeal by Defendant through the invocation of Rule 2 because it is not necessary to "prevent manifest injustice to a party" or "expedite decision in the public interest." N.C.R. App. P. 2 (2017);
 
 see also
 

 Dogwood
 
 ,
 
 362 N.C. at 196
 
 ,
 
 657 S.E.2d at 364
 
 .
 

 " Rule 2 relates to the residual power of our appellate courts to consider,
 
 in exceptional circumstances
 
 , significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court
 
 and only in such instances
 
 ."
 
 Steingress v. Steingress
 
 ,
 
 350 N.C. 64
 
 , 66,
 
 511 S.E.2d 298
 
 , 299-300 (1999) (emphasis added) (citation omitted). "[W]hether an appellant has demonstrated that his matter is the
 
 rare case
 
 meriting suspension of our appellate rules is always a discretionary determination to be made on a case-by-case basis."
 
 State v. Campbell
 
 ,
 
 369 N.C. 599
 
 , 603,
 
 799 S.E.2d 600
 
 , 603 (2017) (emphasis added).
 

 This Court has recently declined to invoke Rule 2 where Defendant failed to properly preserve a Fourth Amendment argument in relation to SBM hearings.
 
 See
 

 State v. Bishop
 
 , --- N.C. App. ----,
 
 805 S.E.2d 367
 
 (2017). Much like the defendant in
 
 Bishop
 
 , Defendant here "is no different from countless other defendants whose constitutional arguments were barred on direct appeal because they were not preserved for appellate review."
 
 Id
 
 . at ----,
 
 805 S.E.2d at 369-70
 
 . In other words, Defendant's argument on appeal is not an exceptional circumstance, standing alone, that would justify our review. Further, the "inconsistent application of Rule 2 ... leads to injustice when some similarly situated litigants are permitted to benefit from it but others are not."
 

 Id.
 

 at ----,
 
 805 S.E.2d at 370
 
 (citation and quotation marks omitted).
 

 Before an appellate court can invoke Rule 2, we are required to look at specific facts and circumstances that would justify suspension of the rules, including but not limited to whether a substantial right of the appellant is affected.
 
 Campbell
 
 ,
 
 369 N.C. at 603
 
 ,
 
 799 S.E.2d at 602-03
 
 .
 

 *537
 
 I do not disagree with the majority that Defendant's participation in lifetime SBM after his term of imprisonment may indeed affect a substantial right. Individuals participating in the lifetime SBM program are subject to monitoring and tracking, amounting to Fourth Amendment searches.
 
 State v. Bowditch
 
 ,
 
 364 N.C. 335
 
 , 350-51,
 
 700 S.E.2d 1
 
 , 11 (2010).
 

 However, it is difficult to conclude that a manifest injustice exists where the penalty may not actually be imposed. Defendant can petition the North Carolina Post-Release Supervision and Parole Commission to terminate the lifetime SBM requirement.
 
 See
 

 N.C. Gen. Stat. § 14-208.43
 
 (2017). A decision by the commission to terminate lifetime SBM would render the impact upon Defendant's substantial right moot.
 

 For the foregoing reasons, I would dismiss Defendant's appeal and decline to suspend the appellate rules.
 

 [1]
 

 A pseudonym is used to protect the minor's identity.