IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-304

No. COA20-597

Filed 6 July 2021

Alamance County, Nos. 18 CRS 52424, 52553, 52554; 19 CRS 268

STATE OF NORTH CAROLINA

v.

JAMES DWAYNE BARNES

Appeal by defendant from order entered 25 October 2019 by Judge D. Thomas Lambeth, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 9 June 2021.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Brenda Menard, for the State.*

*Mark Montgomery for the defendant.*

ARROWOOD, Judge.

¶ 1 James Dwayne Barnes ("defendant") appeals by *writ of certiorari* from the trial court's order imposing lifetime satellite-based monitoring ("SBM"). Defendant contends the order should be vacated because "[t]here was no hearing of any kind, no argument by the State, nothing to support the trial court's order." For the following reasons, we vacate the order without prejudice to the State's ability to file a subsequent SBM application.

## I.     Background

On 2 July 2018, defendant was indicted for assault by strangulation, first-degree rape, first-degree kidnapping, two counts of first-degree sexual offense, and attaining habitual offender status.  The matter came on for trial at the 21 October 2019 criminal session of Alamance County Superior Court, the Honorable D. Thomas Lambeth, Jr., presiding.  The State's evidence tended to show as follows.

In May 2018, defendant, who is white, was dating "Cindy,"[1] also white.  Cindy was engaging in prostitution to earn "[m]oney for cocaine[,]" as well as to provide defendant to "do whatever we had to live.  Live by it and buy cigarettes and dope." On or around 7 May 2018, Cindy prostituted herself to an African American man, "Brian."  When defendant discovered Cindy in bed with Brian, defendant became angry and started beating Cindy, eventually choking Cindy until she lost consciousness.  After Cindy regained consciousness, defendant anally raped Cindy and continued to beat her.  Cindy later fell asleep, but defendant periodically woke her and beat her, and also forced her to perform oral sex.

The following morning, defendant and Cindy went to a Wal-Mart to panhandle. Officer Justin Jolly ("Officer Jolly") of the Burlington Police Department received a call about Cindy's apparent injuries and went to the Wal-Mart to investigate.  After

---

[1] The parties agreed to use this pseudonym in their briefs.

interviewing defendant and Cindy separately, Officer Jolly arrested defendant.

On 8 May 2018, Cindy was interviewed by Sharon Staley ("Ms. Staley"), a forensic nurse, and Lindsey Strickland ("Ms. Strickland"), a forensic nurse examiner. Both Ms. Staley and Ms. Strickland testified that Cindy's physical injuries were consistent with her account. Cindy was also interviewed by Detective Kevin King ("Detective King") with the Burlington Police Department, and Justin Parks ("Mr. Parks"), a special victims investigator with the Iredell County Sheriff's Office. Recordings of Cindy's interviews with Detective King and Mr. Parks were played for the jury.

On 25 October 2019, a jury found defendant guilty of assault by strangulation, first-degree rape, first-degree kidnapping, one count of first-degree sexual offense, and of being a habitual offender. The trial court consolidated the convictions and imposed a sentence of 420 to 564 months imprisonment. The trial court determined that defendant had committed a sexually violent offense and an aggravated offense, and accordingly ordered defendant to enroll in SBM for life.

Defendant gave oral notice of appeal in open court on 25 October 2019. Defendant filed petition for *writ of certiorari* on 9 November 2020.

## II.     Discussion

Defendant contends the trial court erred in ordering lifetime SBM where the trial court did not conduct a hearing on whether lifetime SBM was reasonable and

the State did not offer any evidence that lifetime SBM was reasonable. Because the oral notice of appeal was insufficient to confer jurisdiction on this Court, defendant petitions for *writ of certiorari* to review the merits of his appeal.

### A. Appellate Jurisdiction

¶ 9 Because of the civil nature of SBM hearings, a defendant must file a written notice of appeal from an SBM order pursuant to Appellate Rule 3. N.C.R. App. P. 3(a); *State v. Brooks*, 204 N.C. App. 193, 194-95, 693 S.E.2d 204, 206 (2010) (holding that oral notice of appeal from an SBM order does not confer jurisdiction on this Court). This Court, however, is authorized to issue *writs of certiorari* "to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1). In the present case, because defendant's oral notice of appeal was insufficient to confer jurisdiction on this Court under Rule 3, defendant filed a petition for a *writ of certiorari* on 9 November 2020 seeking review of the order imposing lifetime enrollment in SBM. In our discretion, we allow defendant's petition for *writ of certiorari*.

¶ 10 Defendant asserts that the trial court erred in ordering that defendant enroll in lifetime SBM upon his release from prison because the State failed to meet its burden of proving the imposition of lifetime SBM is a reasonable search under the Fourth Amendment. *See Grady v. North Carolina* ("*Grady I*"), 575 U.S. 306, 310, 135

191 L. Ed. 2d 459, 462 (2015). However, defendant did not raise any constitutional challenge or otherwise preserve this constitutional claim at any point during his sentencing hearing. Pursuant to Rule 10 of the North Carolina Appellate Rules of Procedure, "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1). Accordingly, because defendant did not object to the imposition of lifetime SBM on constitutional grounds, he has waived the ability to argue it on appeal. *State v. Bursell* ("*Bursell II*"), 372 N.C. 196, 200, 827 S.E.2d 302, 305 (2019).

¶ 11 Defendant requests that this Court exercise its discretion to invoke Rule 2 of the Rules of Appellate Procedure to reach the merits. Under Rule 2, "[t]o prevent manifest injustice to a party . . . either court of the appellate division may . . . suspend or vary the requirements or provisions of any of these rules in a case pending before it . . . upon its own initiative[.]" N.C.R. App. P. 2. An appellate court's decision to invoke Rule 2 and suspend the appellate rules is always an exercise of discretion. *Bursell II*, 372 N.C. at 201, 827 S.E.2d at 306. "Rule 2 relates to the residual power of our appellate courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*." *State v. Campbell*, 369

N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (emphasis in original) (citation omitted). The determination of whether a particular case is an "instance" appropriate for Rule 2 review "must necessarily be made in light of the *specific circumstances of individual cases and parties*, such as whether 'substantial rights of an appellant are affected.' " *Id.* (emphasis in original) (quoting *State v. Hart*, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007)).

¶ 12        In *Bursell II*, our Supreme Court affirmed this Court's decision to invoke Rule 2 and review the unpreserved constitutional issue. *Bursell II*, 372 N.C. at 197, 827 S.E.2d at 303 (affirming *State v. Bursell* ("*Bursell I*") 258 N.C. App. 527, 813 S.E.2d 463 (2018)). First noting that the Fourth Amendment right implicated in such cases is a substantial right, the *Bursell II* Court affirmed this Court's suspension of the appellate rules after examining "the specific circumstances of [the] individual case[ ] and parties," including "defendant's young age, the particular factual bases underlying his pleas, and the nature of those offenses, combined with the State's and the trial court's failures to follow well-established precedent in applying for and imposing SBM, and the State's concession of reversible *Grady* error." *Id.* at 201, 827 S.E.2d at 306.

¶ 13        In *State v. Ricks*, 271 N.C. App. 348, 843 S.E.2d 652, *writ allowed*, 375 N.C. 281, 842 S.E.2d 88 (2020),[2] this Court examined the State's and trial court's failure to follow well-established precedent in applying for and imposing SBM. The Court first discussed *Bursell I*, in which "the trial court and the State had the benefit of our Court's precedent in *State v. Blue*, 246 N.C. App. 259, 783 S.E.2d 524 (2016), and *State v. Morris*, 246 N.C. App. 349, 783 S.E.2d 528 (2016), which 'made clear that a case for SBM is the State's to make[.]' " *Ricks*, 271 N.C. App. at 360, 843 S.E.2d at 663 (citing *Bursell I*, 258 N.C. App. at 533, 813 S.E.2d at 467) (internal quotation marks omitted). In *Ricks*, "the State and the trial court . . . had the benefit of even more guidance regarding the State's burden than in *Bursell*[,]" which "make clear that the trial court must conduct a hearing to determine the constitutionality of ordering a defendant to enroll in the SBM program, and that the State bears the burden of proving the reasonableness of the search. *Id.* at 360-61, 843 S.E.2d at 663 (citing *State v. Greene*, 255 N.C. App. 780, 806 S.E.2d 343 (2017), *State v. Grady* ("*Grady II*"), 259 N.C. App. 664, 817 S.E.2d 18 (2018), *aff'd as modified*, 372 N.C. 509, 831 S.E.2d 542 (2019) ("*Grady III*"), *State v. Griffin*, 260 N.C. App. 629, 818 S.E.2d

---

[2] We note that *Ricks* has been stayed by our Supreme Court and is of questionable precedential value as a result. However, because the invocation of Rule 2 is a discretionary decision, we nonetheless find its reasoning persuasive.

336 (2018), and *State v. Gordon* ("*Gordon I*"), 261 N.C. App. 247, 820 S.E.2d 339 (2018)).

¶ 14    Here, as in *Ricks*, the State and trial court had the benefit of even more guidance than in *Bursell I*. The multiple cases referenced above clearly state a *Grady* hearing must be conducted and the State must present any evidence regarding the reasonableness of the search. Although the trial court in this case had the benefit of the precedent referenced above, it did not conduct a *Grady* hearing and the State failed to offer any evidence regarding the reasonableness of the search. For these reasons, we exercise our discretion and invoke Rule 2 to reach the merits of defendant's appeal.

## B.    Lifetime SBM

¶ 15    Defendant contends the trial court erred in imposing lifetime SBM without first conducting a hearing to "consider whether the warrantless, suspicionless search here is reasonable when its intrusion on the individual's Fourth Amendment interests is balanced against its promotion of legitimate governmental interests." *Grady III*, 372 N.C. at 527, 831 S.E.2d at 557 (citation omitted). We agree.

¶ 16    As previously discussed, before imposing lifetime SBM, the trial court must conduct a *Grady* hearing and the State must present evidence regarding the reasonableness of the search. Determining the constitutionality of an SBM order "depends on the totality of the circumstances, including the nature and purpose of

the search and the extent to which the search intrudes upon reasonable privacy expectations." *Grady I*, 575 U.S. at 310, 191 L. Ed. 2d at 462. In doing so, the trial court must balance the State's interests in solving crimes, preventing the commission of sex crimes, and protecting the public, against SBM's deep intrusion upon an individual's protected Fourth Amendment interests. *Grady III*, 372 N.C. at 545, 831 S.E.2d at 568. The State bears the burden of showing that the SBM program would further the State's interests. *Id.* Additionally, when the State seeks to impose future SBM following a defendant's release from prison, the State also must "demonstrat[e] what [a d]efendant's threat of reoffending will be after having been incarcerated for" the duration of his sentence with some "individualized measure of [the d]efendant's threat of reoffending." *State v. Gordon* ("*Gordon II*"), 270 N.C. App. 468, 477-78, 840 S.E.2d 907, 913-14 (2020) (concluding that the State did not meet its burden of proving the reasonableness of "a search of this magnitude approximately fifteen to twenty years in the future"), *disc. review allowed, writ allowed*, __ N.C. __, 853 S.E.2d 148 (2021). When the State has the opportunity to present "evidence that could possibly support a finding necessary to impose SBM," and fails to do so, "the appropriate disposition is to reverse the trial court's order rather than to vacate and remand the matter for re-hearing." *Griffin*, 260 N.C. App. at 636, 818 S.E.2d at 342 (citing *Grady II*, 259 N.C. App. at 676, 817 S.E.2d at 28).

¶ 17          In the present case, defendant's substantial rights under the Fourth

Amendment are affected, and both the State and trial court failed to follow well-established precedent in failing to apply for and impose SBM by conducting a *Grady* hearing. In failing to conduct a *Grady* hearing, the trial court did not engage in the balancing test required by *Grady III* nor demonstrate the threat of reoffending as discussed in *Gordon II*. Although the State argues defendant failed to preserve his constitutional challenge to the lifetime SBM order, the State concedes that should we exercise our discretion to review defendant's appeal, the proper result is to vacate the SBM order without prejudice to the State's ability to file a subsequent SBM application. We note that this case is distinguishable from the holdings in *Griffin* and *Grady II* because the trial court did not conduct a *Grady* hearing, and accordingly the State has not lost the "one opportunity to prove that SBM is a reasonable search of the defendant." *Grady II*, 259 N.C. App. at 676, 817 S.E.2d at 28. Because we exercise our discretion to review the imposition of lifetime SBM where no reasonableness hearing was conducted, we vacate the trial court's order imposing lifetime SBM without prejudice to the State's ability to file a subsequent SBM application.

## III.    Conclusion

For the forgoing reasons, we vacate the trial court's order imposing lifetime SBM and remand without prejudice to the State's ability to file a subsequent SBM application.

VACATED AND REMANDED.

Judge INMAN concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

Defendant's constitutional challenge was not presented, preserved, nor ruled upon by the trial court. As such, his petition for writ of certiorari to obtain appellate jurisdiction and to seek review of the imposition of SBM in violation of the appellate rules is properly dismissed. I respectfully dissent from the majority opinion to allow defendant's petition to review the SBM order.

## I.    No Jurisdiction

An appellant is required to file a written notice of appeal to invoke appellate jurisdiction on an appeal from the imposition of SBM, pursuant to North Carolina Rule of Appellate Procedure 3. *See* N.C. R. App. P. 3; *State v. Brooks*, 204 N.C. App. 193, 693 S.E.2d 204 (2010).

Defendant, recognizing his failure to appeal, filed a petition for a writ of certiorari to invoke this Court's jurisdiction and to seek review of the imposition of lifetime SBM. This Court, in its discretion, should grant such writs only if the petition "show[s] merit or that [prejudicial] error was probably committed." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted).

## II.    Constitutional Error Not Preserved

Defendant never raised any constitutional challenge before the trial court nor otherwise preserved his constitutional claim. When asked by the trial court if he wished to enter a notice of appeal, defendant's counsel simply and orally noted that

"[h]e does" with no specific objection to the SBM order.

¶ 23    "[T]o preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."  N.C. R. App. P. 10(a)(1).

¶ 24    It is long and well established that constitutional arguments not raised at trial are not preserved and are barred from review direct appeal.  *See State v. Valentine*, 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003) ("The failure to raise a constitutional issue before the trial court bars appellate review."); *see also State v. Bishop*, 255 N.C. App. 767, 770, 805 S.E.2d 367, 370 (2017) (holding constitutional arguments are barred on direct appeal when not properly preserved).

### III.    Rule 2

¶ 25    In addition to his Rule 3 jurisdictional defect, defendant also requests this Court to further suspend the appellate rules and to invoke Rule 2 of the Rules of Appellate Procedure to reach the unpreserved merits of his claim.  *See* N.C. R. App. P. 2.  Invoking Rule 2 is wholly a discretionary act and it is to be used only in "exceptional circumstances."  *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (quoting *State v. Hart*, 361 N.C. 309, 315-17, 644 S.E.2d 201, 205-06 (2007)).

¶ 26    "Rule 2 relates to the residual power of our appellate courts to consider, *in*

*exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*." *State v. Campbell*, 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (emphasis original) (citation omitted).

¶ 27 "[P]recedent cannot create an automatic right to review via Rule 2." *Id.* at 603, 799 S.E.2d at 603. Similarities between previous instances in which this Court has discretionally invoked Rule 2 are not independently sufficient to justify doing so here. Defendant must present specific evidence demonstrating obvious injustice in his case.

¶ 28 When a defendant seeking discretionary review is "no different from other defendants who failed to preserve their constitutional arguments in the trial court, and . . . has not argued any specific facts that demonstrate manifest injustice" this Court should decline to invoke Rule 2. *Bishop*, 255 N.C. App. at 770, 805 S.E.2d at 370.

¶ 29 Our Supreme Court has stated "if the Rules [of Appellate Procedure] are not applied consistently and uniformly, federal habeas tribunals could potentially conclude that the Rules are not an adequate and independent state ground barring review. Therefore, it follows that our appellate courts must enforce the Rules of Appellate Procedure uniformly." *State v. Hart*, 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007).

¶ 30 The majority's opinion relies upon *State v. Ricks*, 271 N.C. App. 348, 843 S.E.2d

652, *writ allowed*, 375 N.C. 281, 842 S.E.2d 602 (2020) to buttress its assertion that this Court should invoke Rule 2. The majority's opinion correctly notes this Court's divided opinion in *State v. Ricks* has been appealed to the Supreme Court of North Carolina. The opinion and the mandate in *Ricks* have been stayed. *State v. Ricks*, 374 N.C. 749, 842 S.E.2d 88 (2020). As acknowledged in the majority's opinion, *Ricks* is neither precedential nor binding on the case before us.

¶ 31        Defendant has not presented any evidence demonstrating "exceptional circumstances." *See Campbell*, 369 N.C. at 603, 799 S.E.2d at 602. Defendant has not demonstrated he is any "different from other defendants who failed to preserve their constitutional arguments in the trial court" nor has he "argued any specific facts that demonstrate manifest injustice." *Bishop*, 255 N.C. App. at 770, 805 S.E.2d at 370. This Court should dismiss defendant's petition and decline to invoke Rule 2. *Id.*

## IV.    No Showing of Merit

¶ 32        It is uncontested the trial court properly found the multiple offenses the jury convicted defendant of committing were sexually violent and aggravated offenses pursuant to N.C. Gen. Stat. § 14-208.6 (2019). In open court and in presence of defendant and his counsel, the trial court found:

> I do find that this was a sexually violent offense. That the defendant has not been classified as a sexually violent predator. That the defendant is not a recidivist. And that the offense of conviction is an aggravating offense. Based on the above findings, the Court does order registration as a sex offender for the defendant's natural life.

Defendant failed to object during his sentencing hearing, even after being explicitly asked by the trial court if he wished to object to the order. Defendant's counsel explicitly noted "[defendant is] going to be subject to lifetime registration and satellite based monitoring," while asking the trial court for leniency in sentencing.

Defendant's appellate counsel now attempts to raise a purported and barred constitutional violation on appeal. In the absence of a demand, preservation, or objection from defendant, his petition for writ of certiorari to invoke jurisdiction to fix his admitted failure to comply with Appellate Rule 3, and, if granted, to invoke Rule 2 is properly dismissed and denied.

Defendant's counsel's frivolous appellate argument hinges on the notion and assertion that the trial court or this Court should sit as a "second chair" to his defense counsel.

> [A judge's] job [is] to call balls and strikes, and not to pitch or bat . . . [t]he role of an umpire and a judge is critical. They make sure everybody plays by the rules . . . we are a Government of laws and not of men. It is that rule of law that protects the rights and liberties of all Americans.

Confirmation Hearing on the Nomination of John G. Roberts, Jr. to be Chief Justice of the United States: Hearing Before the Committee on the Judiciary United States Senate, 109 Cong. 56 (Statement of John G. Roberts, Jr.).

"It is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N. Carolina Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360,

361 (2005). Defendant cannot raise a constitutional argument for the first time on appeal. The petition for writ of certiorari by defendant is properly dismissed.

## V. Conclusion

Defendant failed to argue, raise, or preserve his constitutional challenge to his SBM order. Defendant may not raise this issue for the first time on appeal. Dismissal of his petition is the only proper ruling. I respectfully dissent.