IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-304

 No. COA20-597

 Filed 6 July 2021

 Alamance County, Nos. 18 CRS 52424, 52553, 52554; 19 CRS 268

 STATE OF NORTH CAROLINA

 v.

 JAMES DWAYNE BARNES

 Appeal by defendant from order entered 25 October 2019 by Judge D. Thomas

 Lambeth, Jr. in Alamance County Superior Court. Heard in the Court of Appeals

 9 June 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Brenda
 Menard, for the State.

 Mark Montgomery for the defendant.

 ARROWOOD, Judge.

¶1 James Dwayne Barnes (“defendant”) appeals by writ of certiorari from the trial

 court’s order imposing lifetime satellite-based monitoring (“SBM”). Defendant

 contends the order should be vacated because “[t]here was no hearing of any kind, no

 argument by the State, nothing to support the trial court’s order.” For the following

 reasons, we vacate the order without prejudice to the State’s ability to file a
 -1-
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 subsequent SBM application.

 I. Background

¶2 On 2 July 2018, defendant was indicted for assault by strangulation, first-

 degree rape, first-degree kidnapping, two counts of first-degree sexual offense, and

 attaining habitual offender status. The matter came on for trial at the

 21 October 2019 criminal session of Alamance County Superior Court, the Honorable

 D. Thomas Lambeth, Jr., presiding. The State’s evidence tended to show as follows.

¶3 In May 2018, defendant, who is white, was dating “Cindy,”1 also white. Cindy

 was engaging in prostitution to earn “[m]oney for cocaine[,]” as well as to provide

 defendant to “do whatever we had to live. Live by it and buy cigarettes and dope.”

 On or around 7 May 2018, Cindy prostituted herself to an African American man,

 “Brian.” When defendant discovered Cindy in bed with Brian, defendant became

 angry and started beating Cindy, eventually choking Cindy until she lost

 consciousness. After Cindy regained consciousness, defendant anally raped Cindy

 and continued to beat her. Cindy later fell asleep, but defendant periodically woke

 her and beat her, and also forced her to perform oral sex.

¶4 The following morning, defendant and Cindy went to a Wal-Mart to panhandle.

 Officer Justin Jolly (“Officer Jolly”) of the Burlington Police Department received a

 1 The parties agreed to use this pseudonym in their briefs.
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 call about Cindy’s apparent injuries and went to the Wal-Mart to investigate. After

 interviewing defendant and Cindy separately, Officer Jolly arrested defendant.

¶5 On 8 May 2018, Cindy was interviewed by Sharon Staley (“Ms. Staley”), a

 forensic nurse, and Lindsey Strickland (“Ms. Strickland”), a forensic nurse examiner.

 Both Ms. Staley and Ms. Strickland testified that Cindy’s physical injuries were

 consistent with her account. Cindy was also interviewed by Detective Kevin King

 (“Detective King”) with the Burlington Police Department, and Justin Parks (“Mr.

 Parks”), a special victims investigator with the Iredell County Sheriff’s Office.

 Recordings of Cindy’s interviews with Detective King and Mr. Parks were played for

 the jury.

¶6 On 25 October 2019, a jury found defendant guilty of assault by strangulation,

 first-degree rape, first-degree kidnapping, one count of first-degree sexual offense,

 and of being a habitual defender. The trial court consolidated the convictions and

 imposed a sentence of 420 to 564 months imprisonment. The trial court determined

 that defendant had committed a sexually violent offense and an aggravated offense,

 and accordingly ordered defendant to enroll in SBM for life.

¶7 Defendant gave oral notice of appeal in open court on 25 October 2019.

 Defendant filed petition for writ of certiorari on 9 November 2020.

 II. Discussion

¶8 Defendant contends the trial court erred in ordering lifetime SBM where the
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 trial court did not conduct a hearing on whether lifetime SBM was reasonable and

 the State did not offer any evidence that lifetime SBM was reasonable. Because the

 oral notice of appeal was insufficient to confer jurisdiction on this Court, defendant

 petitions for writ of certiorari to review the merits of his appeal.

 A. Appellate Jurisdiction

¶9 Because of the civil nature of SBM hearings, a defendant must file a written

 notice of appeal from an SBM order pursuant to Appellate Rule 3. N.C.R. App. P.

 3(a); State v. Brooks, 204 N.C. App. 193, 194-95, 693 S.E.2d 204, 206 (2010) (holding

 that oral notice of appeal from an SBM order does not confer jurisdiction on this

 Court). This Court, however, is authorized to issue writs of certiorari “to permit

 review of the judgments and orders of trial tribunals when the right to prosecute an

 appeal has been lost by failure to take timely action[.]” N.C.R. App. P. 21(a)(1). In

 the present case, because defendant’s oral notice of appeal was insufficient to confer

 jurisdiction on this Court under Rule 3, defendant filed a petition for a writ of

 certiorari on 9 November 2020 seeking review of the order imposing lifetime

 enrollment in SBM. In our discretion, we allow defendant’s petition for writ of

 certiorari.

¶ 10 Defendant asserts that the trial court erred in ordering that defendant enroll

 in lifetime SBM upon his release from prison because the State failed to meet its

 burden of proving the imposition of lifetime SBM is a reasonable search under the
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 Fourth Amendment. See Grady v. North Carolina (“Grady I”), 575 U.S. 306, 310, 135

 191 L. Ed. 2d 459, 462 (2015). However, defendant did not raise any constitutional

 challenge or otherwise preserve this constitutional claim at any point during his

 sentencing hearing. Pursuant to Rule 10 of the North Carolina Appellate Rules of

 Procedure, “to preserve an issue for appellate review, a party must have presented to

 the trial court a timely request, objection, or motion, stating the specific grounds for

 the ruling the party desired the court to make if the specific grounds were not

 apparent from the context.” N.C.R. App. P. 10(a)(1). Accordingly, because defendant

 did not object to the imposition of lifetime SBM on constitutional grounds, he has

 waived the ability to argue it on appeal. State v. Bursell (“Bursell II”), 372 N.C. 196,

 200, 827 S.E.2d 302, 305 (2019).

¶ 11 Defendant requests that this Court exercise its discretion to invoke Rule 2 of

 the Rules of Appellate Procedure to reach the merits. Under Rule 2, “[t]o prevent

 manifest injustice to a party . . . either court of the appellate division

 may . . . suspend or vary the requirements or provisions of any of these rules in a case

 pending before it . . . upon its own initiative[.]” N.C.R. App. P. 2. An appellate court’s

 decision to invoke Rule 2 and suspend the appellate rules is always an exercise of

 discretion. Bursell II, 372 N.C. at 201, 827 S.E.2d at 306. “Rule 2 relates to the

 residual power of our appellate courts to consider, in exceptional circumstances,

 significant issues of importance in the public interest or to prevent injustice which
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 appears manifest to the Court and only in such instances.” State v. Campbell, 369

 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (emphasis in original) (citation omitted).

 The determination of whether a particular case is an “instance” appropriate for Rule

 2 review “must necessarily be made in light of the specific circumstances of individual

 cases and parties, such as whether ‘substantial rights of an appellant are affected.’ ”

 Id. (emphasis in original) (quoting State v. Hart, 361 N.C. 309, 316, 644 S.E.2d 201,

 205 (2007)).

¶ 12 In Bursell II, our Supreme Court affirmed this Court’s decision to invoke Rule

 2 and review the unpreserved constitutional issue. Bursell II, 372 N.C. at 197, 827

 S.E.2d at 303 (affirming State v. Bursell (“Bursell I”) 258 N.C. App. 527, 813 S.E.2d

 463 (2018)). First noting that the Fourth Amendment right implicated in such cases

 is a substantial right, the Bursell II Court affirmed this Court’s suspension of the

 appellate rules after examining “the specific circumstances of [the] individual case[ ]

 and parties,” including “defendant’s young age, the particular factual bases

 underlying his pleas, and the nature of those offenses, combined with the State’s and

 the trial court’s failures to follow well-established precedent in applying for and

 imposing SBM, and the State’s concession of reversible Grady error.” Id. at 201, 827

 S.E.2d at 306.
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

¶ 13 In State v. Ricks, 271 N.C. App. 348, 843 S.E.2d 652, writ allowed, 375 N.C.

 281, 842 S.E.2d 88 (2020),2 this Court examined the State’s and trial court’s failure

 to follow well-established precedent in applying for and imposing SBM. The Court

 first discussed Bursell I, in which “the trial court and the State had the benefit of our

 Court’s precedent in State v. Blue, 246 N.C. App. 259, 783 S.E.2d 524 (2016), and

 State v. Morris, 246 N.C. App. 349, 783 S.E.2d 528 (2016), which ‘made clear that a

 case for SBM is the State’s to make[.]’ ” Ricks, 271 N.C. App. at 360, 843 S.E.2d at

 663 (citing Bursell I, 258 N.C. App. at 533, 813 S.E.2d at 467) (internal quotation

 marks omitted). In Ricks, “the State and the trial court . . . had the benefit of even

 more guidance regarding the State’s burden than in Bursell[,]” which “make clear

 that the trial court must conduct a hearing to determine the constitutionality of

 ordering a defendant to enroll in the SBM program, and that the State bears the

 burden of proving the reasonableness of the search. Id. at 360-61, 843 S.E.2d at 663

 (citing State v. Greene, 255 N.C. App. 780, 806 S.E.2d 343 (2017), State v. Grady

 (“Grady II”), 259 N.C. App. 664, 817 S.E.2d 18 (2018), aff’d as modified, 372 N.C. 509,

 831 S.E.2d 542 (2019) (“Grady III”), State v. Griffin, 260 N.C. App. 629, 818 S.E.2d

 2 We note that Ricks has been stayed by our Supreme Court and is of questionable

 precedential value as a result. However, because the invocation of Rule 2 is a discretionary
 decision, we nonetheless find its reasoning persuasive.
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 336 (2018), and State v. Gordon (“Gordon I”), 261 N.C. App. 247, 820 S.E.2d 339

 (2018)).

¶ 14 Here, as in Ricks, the State and trial court had the benefit of even more

 guidance than in Bursell I. The multiple cases referenced above clearly state a Grady

 hearing must be conducted and the State must present any evidence regarding the

 reasonableness of the search. Although the trial court in this case had the benefit of

 the precedent referenced above, it did not conduct a Grady hearing and the State

 failed to offer any evidence regarding the reasonableness of the search. For these

 reasons, we exercise our discretion and invoke Rule 2 to reach the merits of

 defendant’s appeal.

 B. Lifetime SBM

¶ 15 Defendant contends the trial court erred in imposing lifetime SBM without

 first conducting a hearing to “consider whether the warrantless, suspicionless search

 here is reasonable when its intrusion on the individual’s Fourth Amendment

 interests is balanced against its promotion of legitimate governmental interests.”

 Grady III, 372 N.C. at 527, 831 S.E.2d at 557 (citation omitted). We agree.

¶ 16 As previously discussed, before imposing lifetime SBM, the trial court must

 conduct a Grady hearing and the State must present evidence regarding the

 reasonableness of the search. Determining the constitutionality of an SBM order

 “depends on the totality of the circumstances, including the nature and purpose of
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 the search and the extent to which the search intrudes upon reasonable privacy

 expectations.” Grady I, 575 U.S. at 310, 191 L. Ed. 2d at 462. In doing so, the trial

 court must balance the State’s interests in solving crimes, preventing the commission

 of sex crimes, and protecting the public, against SBM’s deep intrusion upon an

 individual’s protected Fourth Amendment interests. Grady III, 372 N.C. at 545, 831

 S.E.2d at 568. The State bears the burden of showing that the SBM program would

 further the State’s interests. Id. Additionally, when the State seeks to impose future

 SBM following a defendant’s release from prison, the State also must “demonstrat[e]

 what [a d]efendant’s threat of reoffending will be after having been incarcerated for”

 the duration of his sentence with some “individualized measure of [the d]efendant’s

 threat of reoffending.” State v. Gordon (“Gordon II”), 270 N.C. App. 468, 477-78, 840

 S.E.2d 907, 913-14 (2020) (concluding that the State did not meet its burden of

 proving the reasonableness of “a search of this magnitude approximately fifteen to

 twenty years in the future”), disc. review allowed, writ allowed, __ N.C. __, 853 S.E.2d

 148 (2021). When the State has the opportunity to present “evidence that could

 possibly support a finding necessary to impose SBM,” and fails to do so, “the

 appropriate disposition is to reverse the trial court's order rather than to vacate and

 remand the matter for re-hearing.” Griffin, 260 N.C. App. at 636, 818 S.E.2d at 342

 (citing Grady II, 259 N.C. App. at 676, 817 S.E.2d at 28).

¶ 17 In the present case, defendant’s substantial rights under the Fourth
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

 Amendment are affected, and both the State and trial court failed to follow well-

 established precedent in failing to apply for and impose SBM by conducting a Grady

 hearing. In failing to conduct a Grady hearing, the trial court did not engage in the

 balancing test required by Grady III nor demonstrate the threat of reoffending as

 discussed in Gordon II. Although the State argues defendant failed to preserve his

 constitutional challenge to the lifetime SBM order, the State concedes that should we

 exercise our discretion to review defendant’s appeal, the proper result is to vacate the

 SBM order without prejudice to the State’s ability to file a subsequent SBM

 application. We note that this case is distinguishable from the holdings in Griffin

 and Grady II because the trial court did not conduct a Grady hearing, and accordingly

 the State has not lost the “one opportunity to prove that SBM is a reasonable search

 of the defendant.” Grady II, 259 N.C. App. at 676, 817 S.E.2d at 28. Because we

 exercise our discretion to review the imposition of lifetime SBM where no

 reasonableness hearing was conducted, we vacate the trial court’s order imposing

 lifetime SBM without prejudice to the State’s ability to file a subsequent SBM

 application.

 III. Conclusion

¶ 18 For the forgoing reasons, we vacate the trial court’s order imposing lifetime

 SBM and remand without prejudice to the State’s ability to file a subsequent SBM

 application.
 STATE V. BARNES

 2021-NCCOA-304

 Opinion of the Court

VACATED AND REMANDED.

Judge INMAN concurs.

Judge TYSON dissents by separate opinion.
 No. COA20-597 – State v. Barnes

 TYSON, Judge, dissenting.

¶ 19 Defendant’s constitutional challenge was not presented, preserved, nor ruled

 upon by the trial court. As such, his petition for writ of certiorari to obtain appellate

 jurisdiction and to seek review of the imposition of SBM in violation of the appellate

 rules is properly dismissed. I respectfully dissent from the majority opinion to allow

 defendant’s petition to review the SBM order.

 I. No Jurisdiction

¶ 20 An appellant is required to file a written notice of appeal to invoke appellate

 jurisdiction on an appeal from the imposition of SBM, pursuant to North Carolina

 Rule of Appellate Procedure 3. See N.C. R. App. P. 3; State v. Brooks, 204 N.C. App.

 193, 693 S.E.2d 204 (2010).

¶ 21 Defendant, recognizing his failure to appeal, filed a petition for a writ of

 certiorari to invoke this Court’s jurisdiction and to seek review of the imposition of

 lifetime SBM. This Court, in its discretion, should grant such writs only if the

 petition “show[s] merit or that [prejudicial] error was probably committed.” State v.

 Grundler, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted).

 II. Constitutional Error Not Preserved

¶ 22 Defendant never raised any constitutional challenge before the trial court nor

 otherwise preserved his constitutional claim. When asked by the trial court if he

 - 12 -
 STATE V. BARNES

 2021-NCCOA-304

 TYSON, J., dissenting

 wished to enter a notice of appeal, defendant’s counsel simply and orally noted that

 “[h]e does” with no specific objection to the SBM order.

¶ 23 “[T]o preserve an issue for appellate review, a party must have presented to

 the trial court a timely request, objection, or motion, stating the specific grounds for

 the ruling the party desired the court to make if the specific grounds were not

 apparent from the context.” N.C. R. App. P. 10(a)(1).

¶ 24 It is long and well established that constitutional arguments not raised at trial

 are not preserved and are barred from review direct appeal. See State v. Valentine,

 357 N.C. 512, 525, 591 S.E.2d 846, 857 (2003) (“The failure to raise a constitutional

 issue before the trial court bars appellate review.”); see also State v. Bishop, 255 N.C.

 App. 767, 770, 805 S.E.2d 367, 370 (2017) (holding constitutional arguments are

 barred on direct appeal when not properly preserved).

 III. Rule 2

¶ 25 In addition to his Rule 3 jurisdictional defect, defendant also requests this

 Court to further suspend the appellate rules and to invoke Rule 2 of the Rules of

 Appellate Procedure to reach the unpreserved merits of his claim. See N.C. R. App.

 P. 2. Invoking Rule 2 is wholly a discretionary act and it is to be used only in

 “exceptional circumstances.” Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp.

 Co., 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (quoting State v. Hart, 361 N.C.

 309, 315-17, 644 S.E.2d 201, 205-06 (2007)).
 STATE V. BARNES

 2021-NCCOA-304

 TYSON, J., dissenting

¶ 26 “Rule 2 relates to the residual power of our appellate courts to consider, in

 exceptional circumstances, significant issues of importance in the public interest or to

 prevent injustice which appears manifest to the Court and only in such instances.”

 State v. Campbell, 369 N.C. 599, 603, 799 S.E.2d 600, 602 (2017) (emphasis original)

 (citation omitted).

¶ 27 “[P]recedent cannot create an automatic right to review via Rule 2.” Id. at 603,

 799 S.E.2d at 603. Similarities between previous instances in which this Court has

 discretionally invoked Rule 2 are not independently sufficient to justify doing so here.

 Defendant must present specific evidence demonstrating obvious injustice in his case.

¶ 28 When a defendant seeking discretionary review is “no different from other

 defendants who failed to preserve their constitutional arguments in the trial court,

 and . . . has not argued any specific facts that demonstrate manifest injustice” this

 Court should decline to invoke Rule 2. Bishop, 255 N.C. App. at 770, 805 S.E.2d at

 370.

¶ 29 Our Supreme Court has stated “if the Rules [of Appellate Procedure] are not

 applied consistently and uniformly, federal habeas tribunals could potentially

 conclude that the Rules are not an adequate and independent state ground barring

 review. Therefore, it follows that our appellate courts must enforce the Rules of

 Appellate Procedure uniformly.” State v. Hart, 361 N.C. 309, 317, 644 S.E.2d 201,

 206 (2007).
 STATE V. BARNES

 2021-NCCOA-304

 TYSON, J., dissenting

¶ 30 The majority’s opinion relies upon State v. Ricks, 271 N.C. App. 348, 843 S.E.2d

 652, writ allowed, 375 N.C. 281, 842 S.E.2d 602 (2020) to buttress its assertion that

 this Court should invoke Rule 2. The majority’s opinion correctly notes this Court’s

 divided opinion in State v. Ricks has been appealed to the Supreme Court of North

 Carolina. The opinion and the mandate in Ricks have been stayed. State v. Ricks,

 374 N.C. 749, 842 S.E.2d 88 (2020). As acknowledged in the majority’s opinion, Ricks

 is neither precedential nor binding on the case before us.

¶ 31 Defendant has not presented any evidence demonstrating “exceptional

 circumstances.” See Campbell, 369 N.C. at 603, 799 S.E.2d at 602. Defendant has

 not demonstrated he is any “different from other defendants who failed to preserve

 their constitutional arguments in the trial court” nor has he “argued any specific facts

 that demonstrate manifest injustice.” Bishop, 255 N.C. App. at 770, 805 S.E.2d at

 370. This Court should dismiss defendant’s petition and decline to invoke Rule 2. Id.

 IV. No Showing of Merit

¶ 32 It is uncontested the trial court properly found the multiple offenses the jury

 convicted defendant of committing were sexually violent and aggravated offenses

 pursuant to N.C. Gen. Stat. § 14-208.6 (2019). In open court and in presence of

 defendant and his counsel, the trial court found:

 I do find that this was a sexually violent offense. That the
 defendant has not been classified as a sexually violent
 predator. That the defendant is not a recidivist. And that
 the offense of conviction is an aggravating offense. Based
 STATE V. BARNES

 2021-NCCOA-304

 TYSON, J., dissenting

 on the above findings, the Court does order registration as
 a sex offender for the defendant’s natural life.

¶ 33 Defendant failed to object during his sentencing hearing, even after being

 explicitly asked by the trial court if he wished to object to the order. Defendant’s

 counsel explicitly noted “[defendant is] going to be subject to lifetime registration and

 satellite based monitoring,” while asking the trial court for leniency in sentencing.

¶ 34 Defendant’s appellate counsel now attempts to raise a purported and barred

 constitutional violation on appeal. In the absence of a demand, preservation, or

 objection from defendant, his petition for writ of certiorari to invoke jurisdiction to fix

 his admitted failure to comply with Appellate Rule 3, and, if granted, to invoke Rule

 2 is properly dismissed and denied.

¶ 35 Defendant’s counsel’s frivolous appellate argument hinges on the notion and

 assertion that the trial court or this Court should sit as a “second chair” to his defense

 counsel.

 [A judge’s] job [is] to call balls and strikes, and not
 to pitch or bat . . . [t]he role of an umpire and a judge is
 critical. They make sure everybody plays by the rules . . .
 we are a Government of laws and not of men. It is that rule
 of law that protects the rights and liberties of all
 Americans.

¶ 36 Confirmation Hearing on the Nomination of John G. Roberts, Jr. to be Chief

 Justice of the United States: Hearing Before the Committee on the Judiciary United

 States Senate, 109 Cong. 56 (Statement of John G. Roberts, Jr.).
 STATE V. BARNES

 2021-NCCOA-304

 TYSON, J., dissenting

¶ 37 “It is not the role of the appellate courts . . . to create an appeal for an

 appellant.” Viar v. N. Carolina Dep’t of Transp., 359 N.C. 400, 402, 610 S.E.2d 360,

 361 (2005). Defendant cannot raise a constitutional argument for the first time on

 appeal. The petition for writ of certiorari by defendant is properly dismissed.

 V. Conclusion

¶ 38 Defendant failed to argue, raise, or preserve his constitutional challenge to his

 SBM order. Defendant may not raise this issue for the first time on appeal. Dismissal

 of his petition is the only proper ruling. I respectfully dissent.