STATE OF NORTH CAROLINA v. DOC BREWINGTON

No. 818SC1286

(Filed 17 August 1982)

**1. Larceny § 7.6— misdemeanor larceny—sufficiency of evidence of identity**

In a prosecution for misdemeanor larceny, the evidence was sufficient to establish defendant's identity as the perpetrator of the crime where four witnesses offered testimony describing a person who was seen taking several packages of meat from a store, one witness followed the man, calling him to stop, and after losing sight of him for a few seconds, discovered him under a car. Although defendant offered testimony which did not place him in the store, whatever discrepancies and uncertainness existed in the witness's description of the defendant were matters properly presented for jury resolution.

**2. Criminal Law § 33— misdemeanor larceny—relative of defendant offering to pay amount of larceny in defendant's presence**

The making of an offer to compromise may be considered as substantive evidence of guilt if the offer was made by the defendant, at his request, or with his authorization; therefore, where on the evening after defendant's arrest for larceny of meat from a store, he and his aunt returned to the store, and, in the presence of the defendant, his aunt offered to pay for the meat if

State v. Brewington

the store manager would drop the charges, the trial court properly permitted the store manager to testify concerning the conversation.

Judge BECTON concurring in part and dissenting in part.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 2 July 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals 24 May 1982.

*Attorney General Edmisten by Assistant Attorney General James Peeler Smith, for the State.*

*Barnes, Braswell & Haithcock by Tom Barwick, for the defendant.*

MARTIN (Robert M.), Judge.

Defendant appeals his conviction of misdemeanor larceny, assigning as error the trial court's denial of his motion to dismiss based on insufficiency of the evidence. Defendant also assigns as error the admission of what he styles as hearsay testimony concerning an offer by his aunt to make restitution, and the denial of his motion for mistrial upon the admission of this testimony. For the reasons set forth below, we find no error.

[1] Defendant contends that there was insufficient evidence upon which to establish his identity as the perpetrator of the crime. Four witnesses offered testimony describing a person who was seen taking several packages of meat from a Goldsboro Safeway Store. Mr. Boyd, an eyewitness to the theft, watched as a man wearing a brown coat, jeans, and tennis shoes, entered the store, placed the meat inside his coat, and attempted to leave without paying for the items. Mr. Boyd followed the man, calling to him to stop, and after losing sight of him for a few seconds, discovered him under a car. Three Safeway employees also witnessed the "exit" of the thief. None of the descriptions given was detailed, although each noted that the thief was wearing a dark brown or maroon jacket.

The defendant testified that he had parked his car in the Safeway parking lot to repair the muffler; that while waiting for the muffler to cool, he asked a Mr. Bishop for a light for his cigarette; that Mr. Boyd arrived just as he finished wiring the muffler up. Mr. Bishop verified that he had given the defendant a

light and that defendant was then wearing a burgundy coat with a black fur collar, brown pants, black shoes and a brown and beige checked shirt. Mr. Bishop was sitting in his car when the thief ran from the store. He testified that he thought the man who ran from the store was dressed differently from the man to whom he had given a light, but he could not be sure.

Whatever discrepancies and uncertainness existed in the witness's descriptions of the defendant were matters properly presented for jury resolution. Mr. Boyd had an opportunity to view the thief in a well-lighted store. He testified that when the defendant came out from under the car he "knew it was him (the thief) . . . I recognized his face and his coat and jeans and tennis shoes." The trial court did not err in submitting the case to the jury where there was substantial competent evidence to identify the defendant as the perpetrator of the crime. *State v. Taylor*, 304 N.C. 249, 283 S.E. 2d 761 (1981).

[2] On the evening after defendant's arrest, he and his aunt returned to the Safeway store. In the presence of the defendant, his aunt offered to pay for the meat if Mr. Burnette, the store manager, would drop the charges. After Mr. Burnette refused to accept the offer, defendant denied the theft. At trial, Mr. Burnette was permitted, over objection, to testify concerning this conversation. Defendant contends the admission of the testimony was error as inadmissible hearsay. The State argues that the testimony was properly admitted as an admission by silence, or under the theory of a compromise offer, thereby excepting it from the hearsay rule.

"In *criminal cases* there is no policy favoring compromises, hence no rule excluding offers of compromise." 2 Stansbury's N.C. Evidence § 180 (Brandis Rev. 1973). Thus the making of the offer to compromise may be considered as substantive evidence of guilt if the offer was made by the defendant, at his request, or with his authorization. *State v. Lunsford*, 177 N.C. 117, 97 S.E. 682 (1919). *See generally* 79 A.L.R. 3d 1156. Since direct evidence of a defendant's authorization of an attempt by a third person to make an offer to compromise or influence a witness not to testify is rarely available, circumstantial evidence may be sufficient to establish the fact. *Id.* Under the facts of this case, we find the evidence sufficient to show that defendant authorized his aunt to

make the offer. We consider the family relationship between the two, the fact that defendant's aunt posted bond for him, that she took him to the Safeway store, that the offer was made in his presence, and that he remained silent while the offer was made.

No error.

Chief Judge MORRIS concurs.

Judge BECTON concurs in part and dissents in part.

Judge BECTON, concurring in part and dissenting in part.

I concur in the majority's resolution of all issues in this case except the "compromise offer" issue. In my view, the majority treats as insignificant the following exchange between Mr. Burnette, the store employee, and the Court:

THE COURT: Did [defendant] make any statement at all to you or any of the other individuals present at that particular point?

A. Just, you know, he tried to deny it the whole time, is what he was doing but—

THE COURT: Well, how did he deny it, sir? Make any statement?

A. He just said, "You know it wasn't me. You've got the wrong guy," is what he was saying. But then we all, we got right there and we were kind of in a circle and just, you know, his aunt made . . . the statement.

This colloquy suggests neither an admission by silence nor the authorization, by this nineteen-year-old defendant, that defendant's aunt make an offer of compromise. The trial court's reasoning, which follows, was, in my view, faulty:

THE COURT: Okay, the State would show the defendant was in a position to hear and understand what was said, and the source and circumstances of the statement and the circumstances under which it was made, and that he was in a position to be expected to deny it if it weren't true. The Court will allow the evidence to come in and be for the Jury

to determine . . . whether or not he acquiesced in that statement.

Believing it was error to admit testimony that, about one hour after defendant's arrest, defendant's aunt accompanied defendant to the Safeway Store, introduced herself as defendant's aunt, and offered to pay for the meat if Mr. Burnette, the store manager, would drop the charge, I vote for a new trial.