IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-799

Filed 1 October 2025

Wayne County, Nos. 19CRS050207-950, 20CRS000873-950, 20CRS000874-950, 20CRS000875-950

STATE OF NORTH CAROLINA

v.

LEANDREN ANDRE WILSON, Defendant.

Appeal by defendant from judgments entered 25 May 2023 by Judge William W. Bland in Wayne County Superior Court. Heard in the Court of Appeals 26 February 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Kristin Cook McCrary, for the State-appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.*

GORE, Judge.

Defendant Leandren Andre Wilson appeals the judgments entered for which he was sentenced to consecutive terms of 127 months' to 165 months' imprisonment, 111 months' to 146 months' imprisonment, 314 months' to 389 months' imprisonment, and 127 months' to 165 months' imprisonment. Specifically, defendant appeals the trial court's admission of defendant's letter from jail to law enforcement as an improper admission of a compromise to settle pursuant to Rule 408. Additionally, defendant seeks appellate Rule 2 review of a violation of his 2nd amendment right

applied to the states through the 14th amendment. Upon review, we find no error in the trial court's ruling.

**I.**

In January 2019, defendant was charged with attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, possession of a firearm with the serial number removed, and possession of a firearm by a felon after an argument escalated at a Dollar General. In March 2019, defendant sent law enforcement a letter from jail that included his admission to "sho[oting] a gang banger" at the Dollar General ("jail letter"). Within the jail letter, defendant further requested his charges be dropped and stated in exchange he would work undercover with law enforcement to "get some meth dealers." After defendant's trial before a jury, the jury returned a guilty verdict for each charge and defendant pled guilty to having attained habitual felon status. Defendant timely appealed the judgment.

**II.**

Defendant appeals of right pursuant to N.C.G.S. § 7A-27(b)(1). Defendant seeks review of two issues: (1) whether the trial court erred by admitting defendant's jail letter pursuant to North Carolina Rules of Evidence 408; and (2) whether defendant's 2nd Amendment constitutional rights were violated by the statutory criminalization of his possession of a firearm as a felon. As stated below, we only consider defendant's preserved issue in accordance with our Rules of Appellate Procedure.

**A.**

Defendant argues the trial court erred when it overruled defendant's objection pursuant to Rule 408 for the admission of his jail letter. We disagree.

Rule 408 of the North Carolina Rules of Evidence makes "[ev]idence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, . . . [in]admissible to prove liability for or invalidity of the claim or its amount." N.C. R. Evid. 408. But, "in criminal cases there is no policy favoring compromises, hence no rule excluding offers of compromise. Thus the making of the offer to compromise may be considered as substantive evidence of guilt if the offer was made by the defendant." *State v. Brewington*, 58 N.C. App. 650, 652 (1982) (cleaned up), *aff'd*, 307 N.C. 462 (1983).

In the present case, defendant sent a letter to law enforcement that stated the following:

> I need to get out of here. Fast as I can. I'm willing to help you all get some meth addicts. I don't care . . . who I'll purchase from them, I need these charges gone. I shot a gang banger in Dollar General and I need that gone. In return I'll get as many meth dealers that you want. I can buy from any one of them. I just can't leave my daughter. She only 7 months and he threatened her. I'm not a gang banger at all. I'm really trying to cooperate, so please let me know. . . . My name is Leandren Wilson. . . . I'm ready and willing to do what I gotta do for my daughter. Thank you.

During trial, defendant objected to the admission of this letter on the grounds of Rule 408—that it was a compromise offer. The trial court overruled this objection and

stated that Rule 408 was not applicable to the situation. Defendant cites no case law to support the application of Rule 408 in a criminal case.

Likewise, we are unaware of any North Carolina case law that applies Rule 408 in a criminal case (since its enactment) to prevent admission of substantive evidence of guilt. Because Rule 408 was nearly "identical to [Federal Rule] 408," prior to the 2006 amendment to Federal Rule 408, we look to the federal courts to glean insight on its interpretation of the intent of the rule. N.C. R. Evid. 408, official cmt. Prior to the amendment to the federal rule in 2006, the federal circuits were split on whether Rule 408 applied in criminal proceedings or only civil proceedings. *United States v. Davis*, 596 F.3d 852, 860 n.6 (D.C. Cir. 2010).

After the 2006 amendment, the federal courts of appeals agreed that the expanded language in Rule 408 made plain that this rule could be applied in both civil and criminal proceedings with some limitations. *See McAuliffe v. U.S.*, 514 F. App'x. 542, 549 (6th Cir.) ("A 2006 rule amendment . . . conclusively settled a circuit split in favor of applying Rule 408 in criminal cases[.]"), *cert. denied*, 569 U.S. 959 (2013); *Davis*, 596 F.3d at 860 ("The 2006 amendment . . . made clear that the rule applied to both civil and criminal proceedings[.]"). Despite the inclusion of Rule 408 in criminal proceedings, "a defendant's statements with government agencies may be admitted in a criminal case." *Davis*, 596 F.3d at 860 (cleaned up). Even with Federal Rule 408's expansive language, it still maintains a clear limitation of its use for

statements made by criminal defendants to government officials. *See United States v. Paulus*, 894 F.3d 267, 280 (6th Cir. 2018).

In North Carolina jurisprudence, the General Assembly has not amended Rule 408 to include language demonstrating a clear intent to apply it in criminal proceedings in addition to civil matters. Therefore, the existing prior precedent, *Brewington*, is still applicable within our jurisprudence. There remains no policy favoring compromise in criminal cases. 58 N.C. App. at 652. Rule 408 was enacted by the General Assembly to encourage the "settling of disputes" in civil cases; it is not to be applied as a barrier to justice or as a legal loophole to suppress incriminating evidence. N.C. R. Evid. 408 advisory committee's note. Accordingly, we limit our holding to address the present context and hold Rule 408 is not applicable in criminal cases to exclude a defendant's statement of guilt made to state officials. Accordingly, the trial court properly overruled defendant's objection pursuant to Rule 408.

**B.**

Defendant concedes he failed to preserve his constitutional argument at trial for which he now seeks review. Therefore, defendant asks us to suspend the Rules of Appellate Procedure pursuant to Rule 2 to prevent "manifest injustice." N.C.R. App. P. 2. Because we determine this present issue does not trigger a Rule 2 application, we do not consider defendant's unpreserved constitutional argument pursuant to Rule 10(a)(1). N.C.R. App. P. 10(a)(1) (requiring preservation of issues through timely objection at the trial court level); *State v. Bursell*, 372 N.C. 196, 199 (2019) ("It

is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal.").

## III.

For the foregoing reasons, we find no error and conclude that the trial court did not err by admitting defendant's jail letter; we do not review defendant's unpreserved constitutional argument as it does not fit within the "extraordinary circumstances" required for Rule 2 review.

NO ERROR.

Judges ZACHARY and COLLINS concur.